## JOHN LAWDER v. JOHN C. HENDERSON.

1. CROSS-EXAMINATION, *Limits of.* On cross-examination of a witness he cannot be questioned upon a matter not examined on in chief, except where such questions tend to show interest, bias, or prejudice, or to explain, modify or qualify his former statements.

2. INSTRUCTIONS *to be Considered Together.* Instructions given to the jury by the court must be taken and considered together, and no separate sentence alone can be held bad, although taken alone it would be erroneous, but where taken with the remainder of the instructions it is so modified and explained as not to be misleading, *held,* not error.

3. INSTRUCTION, *to Repeat, When not Error.* Where an instruction is properly given by the court to the jury, and afterward in the course of the instructions it is repeated several times, *held,* not error, unless it appears that said instruction is made so prominent as.to seem to have misled the jury.

*Error from Wabaunsee District Court.*

ACTION by *Lawder* against *Henderson,* to recover damages
for his two shepherd dogs, which he alleged to have been
killed by the defendant, and to have been worth $300.   The
defendant answered by a general denial; and further answer-
ing, defendant said that if the plaintiff's dogs were killed,
they were killed not by the defendant nor by his orders, but
under the following circumstances:

"About the 25th of June, 1883, in the neighborhood in
which the plaintiff and this defendant reside, a large and
dangerous dog was attacked with what is commonly called and
known as hydrophobia, and went mad, and was at large, run-
ning through the neighborhood, attacking and biting cattle,
horses and dogs in said neighborhood to such extent that
several head of valuable cattle and valuable horses and several
dogs, from the effects of said biting, went mad, and said cattle
and horses died with the disease known and called hydropho-
bia; that the dogs of the plaintiff were among those bitten by
the aforesaid mad dog; that owing to these facts and circum-
stances there arose among the people of said neighborhood a
general and common feeling and belief that there was no
security of person or property, and a belief and fear that other
dogs that had been bitten would go mad, and among them the
plaintiff's; that the plaintiff with others, partaking of this
belief and fear, consented to have his said dogs killed; that
the said dogs of plaintiff were of no value," etc.

To this answer the plaintiff filed a reply.   Trial at the
October Term, 1884; verdict and judgment for the defendant.
The plaintiff brings the case to this court.

*A. H. Case,* for plaintiff in error.

*Geo. G. Cornell,* for defendant in error.

Opinion by CLOGSTON, C.: Appellant presents for our con-
sideration two alleged errors: First, that the court erred in
sustaining objections to plaintiff's cross-examination of the
defendant; and second, error in the instructions given by the
court to the jury.   The plaintiff, to establish the fact that he

did not consent to the killing of his dogs, proved by one Taylor that on the day plaintiff's dogs were killed, the defendant, with other persons, came to his place to kill his dogs, and that the defendant read a list of the names of the owners whose dogs they had killed, and among which was the plaintiff's name; that the defendant stated that all of the owners had consented to the killing of their dogs save the plaintiff and one other. The defendant, to disprove this statement, testified on his own behalf as follows:

"I am the defendant; I was at the meeting at the school house; I was present on the 25th day of June, 1883, in Mission creek township, near Taylor's house; I heard Taylor's evidence in this case about our being there and what was done and said, and that I read a list of the owners of the dogs whose dogs had been killed. There was no such list read by me; we talked with him about his dogs; told him we wanted to kill all the dogs in the neighborhood, and that was what we were out for; he said he had one dead one and one live one; that some one had just killed one of his."

On cross-examination the plaintiff asked the defendant the following questions:

"Were you at John Lawder's that 25th day of June, 1883? Did you kill any dog of the plaintiff's on that day?

"Were you at John Lawder's place in Mission Creek township on that day? If so, state for what purpose you were there.

"Please state what was done and said by you at John Lawder's on that 25th day of June, 1883, in the presence of John Lawder.

"If you gave any instructions to anyone to kill any of John Lawder's dogs on or before the 25th day of June, 1883, state to whom you gave the order, and what was the direction or directions.

"State whether or not John Lawder in your presence or hearing consented to the killing of either of his dogs before they were killed."

The defendant objected to all of these questions as incompetent, immaterial, and not cross-examination, and the objections were sustained. We see no error in this. The defendant testified only as to what took place at Taylor's. He stated

what conversation he had with Taylor, and denied the statements which Taylor made about his reading a list, and that the plaintiff consented to the killing of his dogs. He made no statement of any transaction or conversation which took place at the plaintiff's; therefore the cross-examination was not confined to the facts and circumstances given by defendant in his evidence-in-chief. If he desired to go further, he should have made the witness his own witness, and not sought to establish on cross-examination what would be proper only on examination-in-chief.

The plaintiff complains of this part of an instruction of the court to the jury, "that as a general rule dogs have no value." This, if given alone, unexplained or unqualified, would be error; but the court also told the jury that under some circumstances dogs may be of great value, and gave as an illustration the case at bar; that if the plaintiff's dogs were trained to do the work of herding, and took the place of a man, so to speak, they would be of great service and value. These instructions taken together (and they must be so taken), we think were proper, and were not calculated to mislead the jury. Plaintiff claimed damages, and showed that his dogs had a special value because they were trained shepherd dogs, and as such were of great value to him in herding.

The plaintiff complains of the instruction of the court to the jury as follows: "If the jury find from the evidence that the plaintiff consented to the killing of his dogs, then they must return a verdict for the defendant." The plaintiff insists that while this instruction under the evidence would be proper, yet that the court gave the instruction more prominence by repeating it at least four times in its instructions to the jury. While we can see no good reason why the trial court should so often have called the jury's attention to this particular question, yet after a careful examination of the evidence, we cannot see how the jury could have been misled. The instructions properly stated the law applicable to the facts shown by the evidence, and the verdict was clearly supported by a preponderance of the evidence; therefore no substantial

error was committed, requiring a reversal.    We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.