### RATTO, LANG & WEINBERGER V. W. BLUESTEIN.

#### No. 3369.

1. **Charge—Bona Fide Purchaser from Insolvent Debtor.**—See charge approved as declaring the law touching the issue of fraud in a purchase of goods from an insolvent debtor, both as to fraud by seller and notice of it.

2. **Repetition of Charges.**—It is only where the repetition of instructions gives undue prominence to one phase of the case, calculated to prejudice a party by inducing the jury to believe the issue so presented is the controlling one, that such additional or repeated instructions are objectionable. See example.

3. **Immaterial Error in Charge.**—In the general charge the rule as to payment, fraud, in the intent to hinder or delay or defraud creditors, and want of notice of such fraudulent intent by purchaser, was correctly given. By special charge the jury were told, that if they found that the insolvent debtor sold "for the purpose of hindering, delaying, and defrauding his creditors," and that the plaintiff paid value not knowing of the fraudulent intent of the seller, and was not in possession of such facts as would

put him upon inquiry, "they should find for the plaintiff." *Held*, no ground for reversal.

4.   **Payment.**—See testimony held sufficient as to payment, other facts being established, to sustain a verdict in favor of a purchaser against a subsequent attaching creditor seizing the goods which had belonged to such insolvent debtor.

APPEAL from Orange.   Tried below before Hon. W. H. FORD.
No statement is necessary.

· *James B. & Charles J. Stubbs*, for appellants.—The special charge did not state the law, in that it required the jury to find an intent to delay, hinder, "and" defraud.   The existence of an intent to do either of these three things was sufficient to vitiate the sale if known to the buyer, or if he could have known of it by due care.  A debtor has no right to make a transfer to delay a creditor, although he may not intend to eventually defraud him, and a charge that demands a concurrence of the three conditions is erroneous.   Revised Statutes, article 2465, uses the disjunctive "or," and the decisions follow the statute.   Ellis v. Valentine, 65 Texas, 533.

This charge was also defective in requiring that the facts should be "such as would put Bluestein upon inquiry."   It should have read, "as would put a man of ordinary prudence on inquiry."   Bluestein might not have been such a man.   He testified:  "I didn't know whether he was in debt or not; I didn't ask him; I did not care; I didn't consider it any of my business."  A similar charge is condemned in Railway v. Beatty, 73 Texas, 592.   Blum v. Simpson, 66 Texas, 84, states the rule very clearly.   Allen v. Carpenter, 66 Texas, 140, holds: "It is true that a sale out of the usual course of trade must generally be regarded with suspicion, but this circumstance, like any other, is open to explanation."   Bluestein offers none.   It is uniformly held that a more stringent rule applies to a purchaser who is not a creditor than to one who is.   Traylor v. Townsend, 61 Texas, 144.

*Bullitt & Bullitt*, for appellee.

GAINES, ASSOCIATE JUSTICE.—Appellee brought this suit to recover the value of certain goods which were seized under a writ of attachment in favor of appellants against one Fani.   He claimed the goods by virtue of a sale made to him by Fani before the levy of the writ.   The appellants defended upon the ground that the sale was fraudulent as to Fani's creditors.

The substance of the charge given to the jury by the court of its own motion is correctly stated in appellant's brief, and is as follows:  "The charge given instructed the jury to find for the plaintiff, unless they believed from the evidence that Fani, from whom Bluestein bought the

goods, was in debt, and was making the sale with the intent to hinder, or delay, or defraud his creditors, and that Bluestein knew of such indebtedness and intention, or might have known of them by the use of ordinary diligence, which was defined to be such diligence as an ordinarily prudent man would use, or be expected to use, in the conduct of his business affairs, in order to protect himself and his interests against damage."

The court also instructed the jury, at the request of the plaintiff, in the following words: "Although you may believe from the evidence in this cause that Fani sold and transferred his goods to W. Bluestein for the purpose of delaying, hindering, *and* defrauding his creditors, yet if you find from the evidence that said Bluestein paid value for said goods, and did not know of the fraudulent intent of said Fani, and was not in possession of such facts as would put said Bluestein upon inquiry, you will find for plaintiff."

The correctness of these instructions as a whole and of the latter especially is called in question by several assignments of error; but we think the assignments are not well founded. If the special instructions were a mere repetition in substance of the general charge, it would not in our opinion be a ground for reversing the judgment. It is only where the repetition of instructions gives undue prominence to one phase of the case, and such prominence is calculated to prejudice a party by inducing the jury to believe that the issue presented is the controlling one, that such additional instructions are objectionable. But the general charge did not instruct the jury that if the appellee knew facts which would have put a prudent man upon inquiry as to Fani's intent in making the sale he was affected with notice of such intent, and in this particular the special instruction was a proper supplement to the charge already given.

·The special instruction is complained of, however, because of the use of the conjunctive in place of the disjunctive conjunction in the phrase, "hindering, delaying, *and* defrauding his creditors." But the charge does not tell the jury that in order to defeat the sale Fani's intent must have been to hinder, delay, and defraud his creditors; but that if his purpose was to do all these together, yet the plaintiff acquired a good title to the goods, unless he had notice, either actual or constructive, of such intent. The general charge informed the jury that the intent either to hinder, delay, or defraud was sufficient to prevent a recovery, provided that the plaintiff had notice, and that the diligence required of Bluestein was such as an ordinarily prudent man would have exercised under the circumstances; and therefore we do not think the jury were misled by that part of the special charge which told them that plaintiff could not recover unless Bluestein knew of the fraudulent intent of Fani, or was in possession of such facts as would put him upon inquiry. In view of the instructions given, it is

apparent that if counsel for defendants had asked a specific instruction to the effect that a knowledge on the part of Bluestein of such facts as would have put an ordinarily prudent man upon inquiry as to Fani's fraudulent intent was equivalent to notice, the court would have given it. Not having asked it, the appellant can not complain of an inaccuracy in the instructions given, which we have no reason to think affected the verdict.

It is also insisted, that the court should have granted a new trial both upon the ground that the evidence showed that the plaintiff knew facts which would have put an ordinarily prudent man upon inquiry as to Fani's intent to defraud his creditors and upon the ground that it failed to show that he had paid value for the goods. As to the first ground, we think the jury might have found a different verdict, but that the circumstances relied upon to affect the plaintiff with notice were not such as authorizes us to say that the verdict was contrary to the evidence. In reference to the payment for the goods, the evidence is not as direct as it might have been. It shows, that before the transaction was closed the plaintiff called at a bank to ascertain whether he could procure money on his check, and stated that he was making a trade and thought that he would need that much money. He called again on the same day and had a check cashed. He testified in reference to the payment of the goods: "I offered Fani my check, but he wouldn't have it; said he wanted the money; and I got it from D. Call & Sons [bankers] for him." Upon this matter he was not cross-examined. There was no circumstance proved which tended to show that the money was not paid. While the testimony is not as direct as it might have been, we incline to think that this was the result of inadvertence, and not for the purpose of suppressing the truth. Fani left the country as soon as the trade was closed, and it is not to be presumed that he left without receiving the consideration for the goods. The question of the payment for the goods was submitted to the jury, and under the instructions they could not have found for the plaintiff unless they had found that the payment was made. We think there was sufficient evidence to support the verdict in that particular.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered March 18, 1892.