## DALLAS RAPID TRANSIT RAILWAY COMPANY V. R. L. PAYNE.

### No. 1349.   Decided November 7, 1904.

**1.—Passenger.**

One entering a car with the intention of paying fare when called upon, and occupying a place provided for carrying passengers, becomes a passenger by such act; but not where he takes position in a part of the car not provided for carrying passengers, as upon the steps or running board of a street car which has unoccupied seats inside.   Missouri K. & T. Ry. Co. v. Williams, 91 Texas, 255, followed; San Antonio Traction Co. v. Bryant, 70 S. W. Rep., 1015, distinguished.   (Pp. 216, 217.)

**2.—Same—Charge.**

Facts considered and held not to justify the submission of the case upon charges assuming that plaintiff was a passenger upon a street car when he received his injury.   (Pp. 214-217.)

**3.—Charge—Assuming Facts.**

Where the uncontradicted evidence showed that the bell of a street car was rung as a signal by one desiring to get off, the court could properly assume that the defendant company was guilty of negligence in failing to stop in response to the signal.   (P. 217.)

**4.—Contributory Negligence.**

Evidence considered and held not so conclusive of contributory negligence on the part of the plaintiff, injured in attempting to get off a street car while in motion, as to preclude a submission of that question to the jury as one of fact.   (P. 217.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Payne sued the Dallas Rapid Transit Railway Company for personal injuries received as a passenger while alighting from a car in motion, and recovered judgment.   On defendant's appeal it was affirmed and appellant thereupon procured writ of error.

*Hollaway & Hollaway,* for plaintiff in error.—The Court of Civil Appeals erred in refusing to hold that the trial court erred in the first paragraph of its charge in that it assumes that the plaintiff was a passenger on defendant's car.   There was evidence tending to prove that the plaintiff was not a passenger, and there was no evidence, conclusive in its nature, that he was a passenger.   The testimony of a party as to his own intentions can not be treated as evidence conclusive in its nature.   Heierman v Robinson, 63 S. W. Rep., 657; International & G. N. Ry. Co. v. Johnson, 55 S. W. Rep., 772, 791; Franklin Life Ins. Co. v. Villeneuve, 68 S. W. Rep., 203; Gonzales v. Adoue, 56 S. W. Rep., 543, 548; Sonnenthiel v. Moerlein Brewing Co., 172 U. S. 401, 408.

The court erred in refusing to hold that the trial court erred in the first paragraph, in that it assumes that the plaintiff gave the usual and customary signal that he desired the car stopped.   There was evidence tending to show that plaintiff did not give the usual and customary signal that he desired the car stopped, and there was no evidence conclusive in its nature that he did give such signal.

The court erred in refusing to hold that the trial court erred in the first, second, third and fourth paragraphs of its charge, in that the court charges, as a matter of law, that the failure to stop the car was negligence and that such negligence was the proximate cause of the injury. There was evidence tending to show that the failure to stop the car was not negligence, and there was no evidence conclusive in its nature, that it was negligence. The court can not direct a finding of negligence on the part of the defendant, unless, possibly, where there is a clear violation of a duty imposed by statute. Texas & P. Ry. Co. v. Murphy, 46 Texas, 356; San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 277, 284; Gulf C. & S. F. Ry. Co. v. Pendry, 87 Texas, 553; Houston & T. C. Ry. Co. v. Gaither, 35 S. W. Rep., 179; Houston & T. C. Ry. Co. v. Goodyear, 66 S. W. Rep., 862; Missouri P. Ry. Co. v. Lee, 70 Texas, 496, 501; Shobert v. May, 55 Law. Rep. Ann., 810, 812; Gannon v. Laclede Gas Light Co., 46 S. W. Rep., 968; Hugumin v. Hinds, 71 S. W. Rep., 479, 481; Johnson v. Kahn, 71 S. W. Rep., 725; Williams v. Davidson, 43 Texas, 1, 39.

If the failure to stop the car could be deemed the proximate cause at all, the question was for the jury and not for the court. Texas & P. Ry. Co. v. Woods, 8 Texas Civ. App., 462; Bluedorn v. Missouri P. Ry. Co., 25 S. W. Rep., 943, 946.

When a passenger jumps from a rapidly moving car, solely to avoid being carried by his station, the failure to stop the car is not the proximate cause of the injury. Texas & P. Ry. Co. v. Woods, 8 Texas Civ. App., 462; Texas & P. Ry. Co. v. Beckwith, 32 S. W. Rep., 347; White v. West End St. Ry. Co., 165 Mass., 522; Savannah F. & W. Ry. Co. v. Wall, 23 S. E. Rep., 197; Jammison v. Chesapeake & O. Ry. Co., 92 Va., 327; Chicago K. & W. Ry. Co. v. Bell, 41 Pac. Rep., 209, 211; Flynn v. Consolidated T. Co., 67 N. J. Law, 546; International & G. N. Ry. Co. v. Rhoades, 51 S. W. Rep., 517.

*Cockrell & Gray,* for defendant in error.—It is not negligence per se for a passenger to jump from a moving car, and a pleading which shows that a passenger alighted from a moving car, and at the same time explains such fact by showing that notwithstanding the usual signal to stop the conductor and motorman failed to stop but were carrying the passenger beyond his destination, and which further explained that such passenger was a boy of but 14 years of age and mistook the speed at which the car was going, that night was coming on and that he thought he could alight with safety, is not subject to a special exception on the ground that it shows such passenger guilty of contributory negligence. A verdict based upon the foregoing facts, and upon the further facts that at the time the passenger alighted from the car it was going only at the rate of six miles per hour, and that when the signal to stop was given by the passenger the car "slowed up" a little as if to stop, and as if inviting the passenger to alight, and then began to increase its speed as if no other opportunity would be given the passenger to alight, is not

without evidence to support it on the issue of contributory negligence. The question of contributory negligence was one of fact to be passed upon by the jury in the light of all the circumstances. Galveston H. & S. A. Ry. Co. v. Smith, 59 Texas, 406; Missouri K. & T. Ry. Co. v. McElree, 16 Texas Civ. App., 186; San Antonio & A. P. Ry. Co. v. Dykes, 45 S. W. Rep., 758; International & G. N. Ry. Co. v. Satterwhite, 19 Texas Civ. App., 173; Cicero & P. S. R. Co. v. Meixner, 31 Law. Rep. Ann., 331; Wyatt v. Citizens Ry. Co., 55 Mo., 485.

The evidence being undisputed that appellee was a passenger, it was the duty of the court to so charge the jury. When a person is on a conveyance used by a common carrier for passengers he is presumed to be a passenger, and the fact that he has not in fact paid his fare, when no demand has been made therefor, in no way affects such presumption, nor is it a circumstance tending to show that such person is not in fact a passenger. When one boards a street car intending to pay his fare, and having the money with which to pay, he is entitled to all the protection of a passenger whether the conductor asks for his fare or not. Unless there is something in the testimony of the witness, or in the circumstances of the case as disclosed by all the evidence, to raise a doubt as to the veracity of the witness, the court may, in the exercise of a sound discretion, when there is no controverting testimony, assume that the facts testified to by such witness are established and instruct the jury accordingly. 4 Elliott on Railways, sec. 1578; 23 Am. and Eng. Enc. of Law, 1004, and notes; Foster v. Franklin Life Ins. Co., 72 S. W. Rep., 91.

The evidence being uncontroverted, it was the duty of the court to assume and charge that appellee gave the signal for the car to stop at his destination. San Antonio & A. P. Ry. Co. v. Ilse, 59 S. W. Rep., 565; Atchison T. & S. F. Ry. Co. v. Cuniffe, 57 S. W. Rep., 692; Houston T. C. Ry. Co. v. Berling, 14 Texas Civ. App., 550; Texas & P. Ry. Co. v. Mallon, 65 Texas, 117.

If the facts on the question of negligence are not disputed, and if from such undisputed facts there is no room for reaching any conclusion other than that negligence existed, the court should so charge the jury, whether the negligence arose from the violation of a statutory duty or not; where, it being the duty of a carrier operating a street car to stop on proper request and permit a passenger to alight, its refusal to do so is a violation of its plain duty and makes it responsible for all the results of such violation of its duty, the injured passenger being without fault, and it is not error for the court to inform the jury as to the legal effect of this violation of the obligation of the carrier. Texas & P. Ry. Co. v. Mallon, 65 Texas, 117; Texas & P. Ry. Co. v. Murphy, 46 Texas, 356; Sanchez v. San Antonio & A. P. Ry. Co., 88 Texas, 117; Lee v. International & G. N. Ry. Co., 89 Texas, 583; Western Assurance Co. v. Kemmedo, 94 Texas, 373, and many authorities there cited; Cooley on Torts, 2 ed., 804.

Where it is not claimed that there was any intervening cause or agency between the negligence of the defendant and the injuries to plaintiff other than the alleged contributory negligence of the plaintiff, and where the verdict of the jury negatives such contributory negligence, and all the other facts are undisputed, the question of proximate cause, or responsibility of the defendant, is one of law, and there is no issue of fact for the jury, aside from contributory negligence. Jackson v. Galveston H. & S. A. Ry. Co., 90 Texas, 372; Seale v. Gulf C. & S. F. Ry. Co., 65 Texas, 274; Texas & P. Ry. Co. v. Moseley, 58 S. W. Rep., 48; Central T. & N. W. Ry. Co. v. Hoard, 49 S. W. Rep., 142; Gonzales v. Galveston, 84 Texas, 7.

When a passenger on a street car alights therefrom and is injured while same is in motion, because the motorman and conductor refuse to stop at his destination after proper request, and such passenger is himself guilty of no negligence in so alighting, then the failure and refusal to stop the car is, as a matter of law, the proximate cause of the injuries to the passenger. San Antonio & A. P. Ry. Co. v. Dykes, 45 S. W. Rep., 758; International & G. N. Ry. Co. v. Satterwhite, 19 Texas Civ. App., 173; Cicero & P. S. Ry. Co. v. Meixner, 31 Law. Rep. Ann., 331; Wyatt v. Citizens Ry. Co., 55 Mo., 485; Galveston H. & S. A. Ry. Co. v. Smith, 59 Texas, 406; Missouri K. & T. Ry. Co. v. McElree, 16 Texas Civ. App., 186.

BROWN, ASSOCIATE JUSTICE.—Robert L. Payne, a minor, by his next friend H. C. Payne, instituted this suit in the District Court of the Forty-fourth District, at Dallas, to recover from the Dallas Rapid Transit Company for injuries alleged to have been received by the plaintiff through the negligence of the company while he was riding as a passenger upon the defendant's street railroad car in the city of Dallas, on the 24th day of April, 1902. Defendant pleaded a general denial, and that the injury, if any was received, was caused by the contributory negligence of the plaintiff. The District Court, by its charge, assumed that Payne was injured through the defendant's negligence and that he was a passenger on the car at the time of the injury, and the court submitted to the jury only the questions of the amount of damages to be awarded, and whether or not the plaintiff had been guilty of contributory negligence.

Three questions are presented by this writ of error: First, does the evidence show conclusively that the plaintiff was a passenger on the defendant's car at the time of his injury; second, does the evidence show conclusively that the defendant was guilty of negligence which caused the injury received by the plaintiff; and third, does the evidence show conclusively that the plaintiff's acts, as a matter of law, constitute contributory negligence. We will state the substance of the evidence which bears upon each of these questions.

Robert L. Payne lived in the country about six miles from the city of Dallas, and, in company with Ben Connor and James Murdock, was

in the city at the Confederate reunion in April, 1902.  Connor and Payne were intending to return to their homes on the wagon of Murdock, which was stationed some 200 yards from the station on defendant's road where the injury occurred.  The three boys were near a gate of the fair grounds at Dallas, and Murdock started to his wagon afoot when Connor and Payne concluded to take a car to ride to the first station, about 1150 feet distance.  The reason why they wished to ride was that they were afraid they would be left by the wagon and they took the car to make time in arriving at that point, intending to get off there or the curve, which was still further on, and walk to the wagon. Connor had no money with which to pay his fare, but Payne had the money and agreed to pay the fare for himself and Connor.  The car on which they took passage was not crowded, there being unoccupied seats in it, but Connor took his place on the running board on the side of the car or the steps at the front platform on the outside of the car, and Payne testified that he was standing on the rear platform of the car, while Connor testified that Payne was standing on the steps of the rear platform most of the time; and Ed Freeman, a lawyer, who was on the car and observed the two boys, being acquainted with Connor and having seen the accident by which Payne was hurt, testified that Connor was on the steps or the running board of the car, and that Payne was on the steps or the running board of the car all the time from the time he got on the car until he got off and received his injuries.  There is no evidence to show that the conductor knew that these boys were on any part of the car; each one of them testified that the conductor did not reach him in collecting the fares before Payne got off, and each testified that the conductor was on the opposite side of the car from them collecting the fares from the passengers.  Connor corroborated the statement of Payne with reference to the intention to pay the fare when the conductor should call for it.  The agreement between the two boys was that they should get off at the first station.

The plaintiff testified that when he neared the station at which he intended to get off he rang the bell to stop the car four or five times, and Connor testified that he saw Payne ring the bell the first time and heard it ring at other times.  An employe of the defendant company, an inspector of the road and cars, testified that Payne could have reached the bell cord from where he stood on the steps of the car. There is no evidence as to whether the conductor or motorman heard the bell ring, or anyone else upon the car.

The plaintiff was 14 years old in January before he was injured in April.  He testified that the reason he took passage on the car was that he was in a hurry to reach the wagon for fear he might be left, that being his mode of travel home.  Payne testified that when he was nearing the station at which he was to get off the car slowed up slightly and then began to run faster, and that it was running very fast; he did not know its speed but thought it was running as fast as it could, when, seeing that the car would not stop, he stepped off to the ground and

received the injury—his leg bone being broken above the ankle joint. Payne and Connor both testified that before he made the step Connor told him not to get off unless the car stopped; that he might get hurt. Ed Freeman, who was upon the car and observed the boys, testified that at the time Payne got off the car it was running quite slow, not more than six miles per hour.

In his charge to the jury the judge of the District Court assumed that Payne was a passenger on the car of the transit company and that the employes of that company were negligent in failing to stop the car in response to the bell. To justify the charge the testimony to establish such fact must not only be undisputed, but must be of such a conclusive character that there is no room for reasonable minds to differ as to the conclusion to be drawn from it. Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 88, and authorities cited.

If Robert Payne had the money with which to pay his fare upon the defendant's car and, intending to pay the fare and become a passenger, entered the car and took his place upon that portion of it which was provided for carrying passengers, he thereby became a passenger, although the conductor of the car did not reach him in the course of collecting the fares. If, however, Payne, having the ability to pay his fare and intending to become a passenger upon the defendant's car, got upon it at a place not provided for carrying passengers and left it before the conductor reached him in the course of collecting the fares, then the plaintiff did not by his acts become a passenger upon the street car of the defendant company. Missouri K. & T. Ry. Co. v. Williams, 91 Texas, 255. In the case cited, Williams, intending to become a passenger on the passenger train of the railroad company and having the money with which to pay his fare, got on the front part of the baggage car, because the train was in motion and he had not time to get onto the passenger coach. While in this position he was injured by the fireman and engineer throwing hot water upon him, and in his suit for damages he claimed the protection due to a passenger. This court said: "If one who has no ticket enters the coach of a railroad company which is provided for the carriage of passengers, with the bona fide intention to take passage on the train and with the intention and ability to pay his fare when called upon, and being called upon does pay his fare, such person becomes a passenger and entitled to all the privileges and protection of such. This constitutes an implied contract on the part of the carrier to safely carry the passenger who has thus entered its car. But in order to raise such an implied contract the party desiring to be carried by the railroad company must take passage on that part of the train provided by it for carrying passengers." The evidence in this case is not conclusive that Payne entered the car, but it strongly tends to prove that he was upon the steps or running board of the car, and therefore does not show conclusively that he was a passenger upon that car. He testified that he could have had a seat in the car. This case differs from San Antonio Traction Co. v. Bryant, 30 Texas Civ. App.,

437, in this—in that case it was proved that the injured party was rightfully on the running board.

If when Payne got upon the car he had the money to pay his fare but did not intend to pay it, he did not become a passenger on the car. The fact that Robert Payne with Ben Connor boarded the defendant's car to ride about 1150 feet and that they did not enter the car and take seats where passengers usually sit, but stood upon the running board or steps of the car and upon the opposite side from where the conductor was engaged in collecting the fares, and the fact that Robert Payne jumped from the car before the conductor reached him in the collection of fares, are circumstances from which a jury might conclude that he did not get upon the car in good faith intending to become a passenger and to pay his fare, but intended to ride the short distance and to get off and avoid the conductor when he should come to collect his fare. The jury might have found that the defendant in error acted in good faith and intended to pay his fare, but the testimony is such that minds, seeking the truth, might differ in their conclusions as to Payne's intention. It follows that in our opinion the trial court erred in assuming that Robert Payne was a passenger upon the defendant's car.

Robert Payne and Connor both testified that Payne rang the bell a number of times for the car to stop. This testimony is uncontradicted, and we see no reason why the court should say that a jury might properly have disregarded it. There were many passengers on the car; one of them, a lawyer, testified in the case about the accident and the position and conduct of the boys, but failed to state anything with reference to the ringing of the bell, and the motorman who was upon the car at the time was not called to answer whether he heard the bell or not. In this state of evidence we think that the court properly assumed that the street car company was guilty of negligence in failing to stop the car in response to the usual signal of ringing the bell.

The plaintiff in error insists that the undisputed evidence shows that Robert Payne was guilty of contributory negligence which should defeat this action. In determining this question we must consider the evidence in its aspect most favorable to defendant in error. We think a jury might find from the evidence that Robert Payne was a passenger on the car, that the transit company was guilty of negligence in not stopping the car in response to its usual signal, and considering the slow speed of the car, as testified to by Freeman, a jury might conclude it was not negligence for Payne to jump from the moving car.

It is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and that the cause be remanded.

*Reversed and remanded.*