JACKSONVILLE ELECTRIC COMPANY, A CORPORATION,
  *Plaintiff in Error* v. AUGUST HELLENTHAL, *De-
  fendant in Error.*

1. The court gave the following instruction: "You are instructed,
   gentlemen of the jury, that street cars, regardless of the power
   by which they are impelled, have no superior rights to other
   vehicles at regular crossings, but their respective rights are
   simply equal. It was the duty of the company's employees to
   keep a vigilant lookout for persons on or approaching the tracks,
   especially at street corners, and if you are not satisfied from the
   evidence that defendant has overcome the presumption of negli-
   gence existing against it by showing such vigilance on the part
   of its employees you will find for the plaintiff." *Held,* this
   charge is not erroneous, in that it would induce the jury to
   believe that, if the defendant failed to keep a proper lookout,
   the plaintiff was entitled to recover irrespective of the question
   as to whether the failure to keep a proper lookout had any-
   thing to do with the injury or not, especially as other instruc
   tions made this clear.

2. The following charge given by the court is approved: "All
   charges given by the court of its own motion and at the re-
   quest of the plaintiff and the defendant are to be taken together
   as the law governing you in this case."

3. The court did not err in refusing to give the following charge,
   where the same proposition of law was fully covered in sub-
   stance by other instructions given by the court: "If the jury
   find from the evidence that the injury to the plaintiff was the
   result of accident without any negligence on the part of any
   one, then the jury should find the defendant not guilty."

4. The refusal of the court to give the following instruction was
   not error, since the propositions contained therein were sub-
   stantially covered by other instructions: "A railroad company
   having the right to operate its cars upon its tracks, its cars can-
   not, from the nature of things, deviate therefrom as persons can,
   and hence, it is the duty of a person driving a vehicle in ap-
   proaching the track or driving along by the side of the track,

to use ordinary and reasonable care to ascertain the approach of cars and avoid injury therefrom. The employees of the company in control of a car have the right to presume that a person driving a vehicle will exercise such care, and are not required to stop the car until it becomes evident to a person of ordinary and reasonable care and prudence that the person driving the vehicle has failed in his duty and has placed or is about to place himself in a perilous situation."

5. It is only where the repetition of instructions gives undue prominence to one phase of the case and such prominence is calculated to prejudice a party by inducing the jury to believe that the issue presented is the controlling one, or where the instructions are erroneous and objectionable in form, that such additional instructions are objectionable.

This case was decided by Division B.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*Kay, Doggett & Smith,* for plaintiff in error.

*D. U. Fletcher,* for defendant in error.

PARKHILL, J.—The defendant in error sued the plaintiff in error in the Circuit Court for Duval County to recover damages for injuries alleged to have been received by the negligent operation of defendant's street car. There was verdict and judgment for plaintiff, from which the defendant seeks relief here by writ of error.

All assignments of error have been abandoned except the fourth, thirteenth, fourteenth and sixteenth.

The fourth assignment is based upon instruction number two given upon request of plaintiff, the same being

as follows: "You are instructed, gentlemen of the jury, that street cars, regardless of the power by which they are impelled have no superior rights to other vehicles at regular crossings, but their respective rights are simply equal. It was the duty of the company's employees to keep a vigilant lookout for persons on or approaching the tracks, especially at street corners, and if you are not satisfied from the evidence that defendant has overcome the presumption of negligence existing against it by showing such vigilance on the part of its employees you will find for the plaintiff."

In Consumers' Electric Light & St. R. Co. v. Pryor, 44 Fla. 354, 42 South. Rep. 797, we held "that street cars, regardless of the power by which they are impelled, have no superior rights to other vehicles or pedestrians at regular crossings, but their respective rights are simply equal." In the same case, this court said that the duty devolves upon the company's employees to keep a vigilant lookout for persons on or approaching the track, especially at street crossings, and when they are discovered to be in danger or going into danger to use every effort consistent with the safety of passengers to avoid injuring such persons. The giving of this instruction was not error, therefore, unless, as is contended, it is so framed as to lead the jury to believe that if the defendant failed to keep a proper lookout, the plaintiff was entitled to recover irrespective of the question as to whether the failure to keep a proper lookout had anything to do with the injury or not. We do not think this could have been the effect of this instruction, especially in view of the following instructions given at the request of the defendant:

"3. If the jury find from the evidence that the car mentioned in the evidence was running slowly northward on Riverside Avenue at a rate of speed between

four and six miles an hour and the motorman was ringing the gong as the car was passing the south-bound car and keeping a lookout for anyone attempting to cross the track and had the car under control and did not discover the presence of the plaintiff on the track until it was too late to stop the car, when the motorman did everything he could to stop the car, then the jury should find the defendant not guilty.

4. Although the motorman should keep a lookout, so as to avoid injuring any person attempting to cross the track he is not required to anticipate that a horse and wagon will be suddenly driven out from behind another car within ten feet of the car, which he is running, and if the jury find from the evidence that the injury to the plaintiff was caused solely by the plaintiff's driving across the track from behind another car, and no negligence on the part of defendant contributed to the injury, then the jury should find for the defendant.

5. The jury is instructed that it is the duty of a person driving across a street car track to look and listen for the approach of a car, particularly when he drives out from behind a car, so as to obscure his view in one direction, and if the jury find from the evidence that the failure of the plaintiff so to do was the sole cause of the injury to the plaintiff then they should find the defendant not guilty.

6. The jury are instructed that the defendant has as much right to run its cars along its tracks as the plaintiff has to cross the track at street crossings, and it is as much the duty of the plaintiff to look out for an approaching car as it is the duty of the defendant to look out for the approach of a wagon.

8. If the jury find from the evidence that the motorman in the car used every ordinary and reasonable care

and caution to prevent the injury to the plaintiff then the jury should find the defendant not guilty."

The charge here objected to must be read in connection with the entire charge. In determining the correctness of instructions to'the jury, they must be considered as a whole, and if as a whole they are free from error, an assignment predicated on isolated paragraphs or portions, which standing alone might be misleading, must fall. Jackson v. Citizens' Bank & Trust Co., 53 Fla. 265, 44 South. Rep. 516. And so the trial judge informed the jury in this case that "all charges given by the court of its own motion and at the request of the plaintiff and the defendant, are to be taken together as the law governing you in this case." It might be well for all circuit judges to so inform the jury.

The thirteenth assignment is based upon the refusal of the court to give the 7th instruction requested by the defendant, the same being as follows: "If the jury find from the evidence that the injury to the plaintiff was the result of accident without any negligence on the part of any one, then the jury should find the defendant not guilty." We think this instruction might properly have been given so far as its correctness is concerned; but the proposition of law set forth thereby was fully covered in substance by other instructions given by the court. For this reason the court did not err in declining to give this charge.

The fourteenth assignment of error is based upon the refusal of the court to give charge numbered 9, requested by the defendant, the same being as follows: "A railroad company having the right to operate its cars upon its tracks, its cars cannot, from the nature of things deviate therefrom as persons can, and, hence, it is the duty of a person driving a vehicle in approaching the track or driving along by the side of the track, to use

ordinary and reasonable care to ascertain the approach of cars and avoid injury therefrom. The employees of the company in control of a car have the right to presume that a person driving a vehicle will exercise such care, and are not required to stop the car until it becomes evident to a person of ordinary and reasonable care and prudence that the person driving the vehicle has failed in his duty and has placed or is about to place himself in a perilous situation."

This was a correct statement of the law in the abstract so far as it goes; but we think the propositions contained therein were applied to the facts in this case substantially by other instructions given by the court. That part of the first sentence of this instruction stating the duty of a person driving a vehicle in approaching the track or driving along by the side of the track to use ordinary and reasonable care to ascertain the approach of cars and avoid injury therefrom is substantially covered by the language of the fifth and sixth instructions given for the defendant. That part of the last sentence of this instruction, stating the right of the employees of the company in control of a car to presume that a person driving a vehicle will exercise such care is substantially covered by the language of the fourth instruction given for the defendant to the effect that the motorman is not required to anticipate that a horse and wagon will be suddenly driven out from behind another car within ten feet of the car which he is running; for, if the motorman is not required to anticipate that a horse and wagon will be suddenly driven out, &c., then he has the right to presume that the person driving the vehicle will exercise such care. That part of the last sentence stating the duty of the mortorman to stop the car is substantially covered by the third instruction given for the defendant to the effect that if the motorman was ringing the gong

as the car was passing the southbound car, and keeping a lookout for any one attempting to cross the track and had the car under control and did not discover the presence of the plaintiff on the track until it was too late to stop the car, when the motorman did everything he could to stop the car, then the jury should find the defendant not guilty.

While the language of this charge was not repeated to the jury in the other instructions given by the court, yet we think the principles of the law enunciated therein are found in the charge of the court taken as a whole. While we might have given this charge had we presided at the trial, yet we cannot say there was reversible error in its refusal, when the law bearing upon every phase of the evidence was given in other instructions. We do not think any injury was done by a failure to give this charge.

The sixteenth assignment is as follows: "The court erred in unduly stressing the question of contributory negligence, in this, in adding to the fourth charge requested by the defendant the following words: 'And no negligence on the part of the defendant contributed to the injury.' And further, after having charged the law of contributory negligence for the plaintiff, in further stressing the proposition of contributory negligence, after having charged the jury of its own motion for the plaintiff and for the defendant, and then saying to the jury, and finally as follows: 'I am not clear as to whether you understand the charge in regard to negligence or contributory negligence. The law is this: that if you find from the testimony that both of the parties, the plaintiff and the defendant, were guilty of negligent acts which caused the injury to the plaintiff, if you find there was injury, then the law is that that does not defeat the plaintiff's recovery, but the jury in assess-

ing damages, only gives such damages as in their judgment the negligence of the defendant really caused; in other words, you should apportion the negligence of the plaintiff and the defendant, and then, in reaching the amount due the plaintiff, if you find for the plaintiff, you give him only such an amount proportioned with his negligence and the negligence of the defendant.' "

It is only where the repetition of instructions gives undue prominence to one phase of the case and such prominence is calculated to prejudice a party by inducing the jury to believe that the issue presented is the controlling one, or where the instructions are erroneous and objectionable in form, that such additional instructions are objectionable. Ratto v. Bluestein, 84 Tex. 57, 19 S. W. Rep. 338; Lawder v. Hinderson, 36 Kan. 754 · 14 Pac. Rep. 164; Seelrock v. Fedawa, 30 Neb. 424, 46 N. W. Rep. 650; 11 Ency. Pl. & Pr. 299; I. & G. N. Ry. Co. v. Leak, 64 Tex. 654; McBride v. Banguss, 65 Tex. 174.

We do not think it was the purpose of the court to mystify or confuse the jury by giving the additional instruction complained of. The court seemed to be trying to assist the jury to a better understanding of the law. The court began this instruction with the statement: "I am not clear as to whether you understand the charge in regard to negligence or contributory negligence." Of course, it is possible that a trial judge might undertake to usurp the province of the jury under the guise of an effort to help them to discharge their duties intelligently. If this ever does happen, it will be the duty of this court to put a stop to such high-handed action speedily, effectively and gladly. That point has not been reached in this case. The judge who presided at this trial has shown no disposition to give offense in this regard. We do not think the effect of this instruction was to prejudice

Jacksonville Electric Co. v. Hellenthal.—Opinion of Court.

the rights of the defendant, or to confuse or mislead the jury. We do not think the charge can be said to mean that the plaintiff was entitled to recover, provided the defendant was negligent, even though the plaintiff's negligence was the proximate cause of the injury. The instruction was directed to an explanation of the law as to apportionment of damages where both parties were guilty of negligence. The instruction told the jury that if both parties were guilty of negligent acts which caused the injury to the plaintiff, that fact would not defeat the plaintiff's right to recover. That was not equivalent to the statement that the plaintiff was entitled to recover, even though the plaintiff's negligence was the *proximate cause* of the injury. This was made clear by the third instruction given by the court at the plaintiff's request, where the court told the jury that it is not enough to defeat plaintiff's recovery to show that plaintiff may have contributed to the accident by his own negligence; that to defeat his recovery any negligence by plaintiff must be shown to be *the sole cause of the injury;* that if plaintiff and agents of the company *were both at fault,* the plaintiff may recover but the damages are to be diminished or increased in proportion to the amount of default atrributable to the plaintiff.

Finding no error, the judgment is affirmed.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.