**DALLAS WASTE MILLS v. TEXAS CAKE & LINTER CO. (No. 195–3251.)**

(Commission of Appeals of Texas, Section B. March 2, 1921.)

1. **Appeal and error ⬅️1082(1)—Decision by appellate court on evidence rulings not presenting substantive questions of law is final.**

The disposition by the Court of Civil Appeals of assignments of error complaining of the admission or rejection of testimony which do not present questions of substantive law is final.

2. **Trial ⬅️244(2)—Instruction as to burden of proof on particular issue is error.**

In an action for failure to deliver bales of cotton linters of the agreed quality, where the court in its main charge had instructed that the burden of proof was on the plaintiff to make out its case by a preponderance of the evidence, the giving of a special charge on defendant's request that the burden was on plaintiff to show by a preponderance of the evidence, the number of bales, if any, that defendant failed to deliver in accordance with the terms of the contract was error as singling out a particular issue and giving it undue prominence.

3. **Appeal and error ⬅️1064(1)—Repeated instruction as to burden of proof on particular issue held prejudicial.**

The giving of an instruction that the burden is on plaintiff to prove a particular issue after an instruction that burden was on him to establish his case, thereby singling out that issue, casts a doubt or suspicion upon the evidence offered by the plaintiff in that regard and was prejudicial.

4. **Appeal and error ⬅️1064(1) — Special charge fixing wrong date for market value held harmless under special issues.**

In an action for a breach of contract for nondelivery of goods sold, a special charge authorizing the jury to find the market value on several dates other than the last date for delivery was harmless error where the cause was tried on special issues, so that the court was free to reject the findings of market value on all but the proper date.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by the Dallas Waste Mills against the Texas Cake & Linter Company. Judgment for defendant was affirmed by the Court of Civil Appeals (204 S. W. 868), and plaintiff brings error. Judgments of the district court and of the Court of Civil Appeals reversed, and cause remanded for a new trial.

C. M. Smithdeal and Spence, Haven & Smithdeal, all of Dallas, for plaintiff in error.

Marshall & Young, of Dallas, for defendant in error.

McCLENDON, P. J. Dallas Waste Mills, as plaintiff, brought this suit against defendant, Texas Cake & Linter Company, to recover damages for alleged breach of a contract under which defendant bound itself to deliver to the plaintiff during the months of May and June, 1915, 600 bales of cotton linters of an agreed quality. With the exception of 61 bales which were tendered to and accepted by plaintiff on July 23, 1915, defendant tendered to plaintiff during the contract period the quantity of linters contracted for, all of which were accepted except 257 bales; these being rejected by plaintiff on the ground that they were not of the agreed quality. The only issues of fact in the case were whether the 257 bales, or any of them, were not of the quality required by the contract, and the amount, if any, of plaintiff's damage. The cause was submitted to a jury upon special issues, who found that all the linters tendered and rejected were of the grade contracted for, and fixed the market value of linters of the agreed quality on June 11, June 23, June 30, and July 1, 1915. A judgment for defendant upon this verdict was affirmed by the Court of Civil Appeals. 204 S. W. 868.

[1] Several assignments of error complaining of the admission or rejection of testimony are urged; but, as these assignments do not present questions of substantive law, their disposition by the Court of Civil Ap-

peals is final. Smith v. Butcher (Sup.) 223 S. W. 166.

The two remaining assignments complain of the giving of two special charges requested by defendant.

[2] The first of these assignments complains of the giving of defendant's special charge No. 3, which reads:

"The court instructs you that the burden of proof is upon the plaintiff to show by a preponderance of the evidence the number of bales, if any, that defendant failed to deliver in accordance with the terms of the contract."

In the main charge the court had already given the following instruction:

"The burden of proof is on the plaintiff to make out its case by a preponderance of the evidence."

The objection to the special charge is that it singles out a particular issue, and places that issue prominently before the jury, thereby giving to it undue emphasis, with the resultant effect that such prominence was calculated to prejudice the plaintiff by inducing the jury to believe that the issue thus presented was controlling.

We have reached the conclusion that this assignment is well taken. The general principle involved in the rule contended for has been repeatedly applied in this state. Powell v. Messer's Adm'r, 18 Tex. 406; Traylor v. Townsend, 61 Tex. 144; Hays v. Hays, 66 Tex. 606, 1 S. W. 895; Ratto v. Bluestein, 84 Tex. 59, 19 S. W. 338; De Perez v. Everett, 73 Tex. 431, 11 S. W. 388; Carter v. Railway (Civ. App.) 160 S. W. 987; Cook v. Urban (Civ. App.) 167 S. W. 251 (writ of error granted, but opinion on this question not disturbed, 212 S. W. 160); Dowdy v. Traction Co., 219 S. W 1093.

[3] The particular application of the rule here invoked—that of holding it reversible error to give a special instruction upon the burden of proof as to a particular issue where the main charge has already correctly instructed upon the burden of proof generally—was made in State v. Haley (Civ. App.) 142 S. W. 1003, and Dye v. Railway, 59 Tex. Civ. App. 614, 127 S. W. 893.

The general test, whether repetition of instructions in special charges is prejudicial and calls for a reversal of the case, is thus stated by Judge Gaines in Ratto v. Bluestein, above, in the following language:

"If the special instructions were a mere repetition in substance of the general charge, it would not in our opinion be a ground for reversing the judgment. It is only where the repetition of instructions gives undue prominence to one phase of the case, and such prominence is calculated to prejudice a party by inducing the jury to believe that the issue presented is the controlling one, that such additional instructions are objectionable."

In the case at bar no special or peculiar burden rested upon plaintiff with reference to the issue of establishing the number of bales, if any, that did not come up to the required grade. The general charge accurately and fully stated the rule as to the burden resting upon plaintiff upon this, as well as every other issue essential to his case. The only function the special charge could perform would be to accentuate the issue of the burden resting upon plaintiff in this particular phase of the case and by such emphasis cast a doubt or suspicion upon the evidence offered by plaintiff in this regard. Under the authorities cited, we feel that the giving of the special charge was reversible error.

[4] The other special charge complained of required the jury to find the market value on June 11, 24, and 30, 1915, of linters of the agreed grade. The objection urged to this charge is that the only proper basis for damage was the market value on July 1, 1915. The error thus committed, if any, is harmless, since the cause was tried upon special issues, and the court was free to reject the findings of market value on all but the proper date.

We conclude that the judgments of the district court and Court of Civil Appeals should be reversed, and the cause remanded to the former for a new trial.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.