### SAN ANTONIO PUBLIC SERVICE CO. v. TURBIN et ux.

#### No. 11006.

Court of Civil Appeals of Texas. San Antonio.

June 18, 1941.

Rehearing Denied July 16, 1941.

344

Brooks, Napier, Brown & Matthews and Harper Macfarlane, all of San Antonio, for appellant.

Ladon & Finch, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Eugene Turbin and his wife, Senobia Turbin, against the San Antonio Public Service Company, a corporation, seeking to recover damages for personal injuries alleged to have been sustained by Senobia Turbin on or about January 13, 1940, when she fell while attempting to alight from a bus owned and operated by the San Antonio Public Service Company.

The case was submitted to a jury upon special issues and, upon the findings made by the jury, judgment was entered in favor of the Turbins against the San Antonio Public Service Company in the sum of $900 from which judgment the San Antonio Public Service Company has prosecuted this appeal.

It was the theory of the plaintiffs below that Senobia Turbin was injured while a passenger on the bus as she was attempting to disembark therefrom, on the other hand, it was the theory of the Public Service Company that, if Senobia Turbin was injured, the accident occurred after she had disembarked from the bus and after she had ceased to be a passenger on said Public Service Company bus. The trial court, in submitting the case to the jury, assumed that she was a passenger on the bus at the time she was injured and instructed the jury, in effect, that the bus company, being a carrier of passengers, was charged with a very high degree of care toward Senobia Turbin. The definition of negligence given by the court reads as follows:

" 'Negligence,' when applied to a common carrier of passengers means a failure to exercise, ·for the safety of its passengers, the high degree of care which a very careful and prudent person, skilled in the business, would have used under the same or similar circumstances."

The court did not instruct the jury as to when a person would cease to be a passenger upon the bus.

■■ We are of the opinion that the evidence in this case was sufficient to raise a jury question as to whether Senobia Turbin had ceased to be a passenger on the bus at the time she received her injuries. It is unquestionably the law that where a passenger has gotten down from a bus and is safely on the pavement they are no longer passengers. El Paso Electric Company v. Ludlow, Tex.Civ.App., 219 S.W. 619; Wittkower v. Dallas Ry. & Terminal Co. et al., Tex.Civ.App., 73 S.W. 2d 867.

■ The question here presented is whether or not the evidence, when considered in the most favorable light to the Public Service Company, raises the issue as to whether Senobia Turbin received her injury after she had ceased to be a passenger on the Company's bus. There is considerable evidence in the record tending to show that the bus did not come to a complete stop, but that Senobia Turbin was attempting to alight from the bus while it was still in motion; that the bus gave a sudden jerk which caused her to fall, partly on the steps of the bus and partly into the bus, and that in this manner she received her injury. However, this evidence must be disregarded in determining whether or not the evidence is sufficient to show she received her injury after she alighted from the bus. The testimony of Hipolito Ozuna, the driver of the bus, was to the effect that Senobia Turbin did not fall in the bus nor on the steps of the bus; that he could see all over the bus including the steps; and that he did not see her fall. He admitted, however, that if she fell after leaving the bus he could not have seen her and did not know whether or not she fell after alighting from the bus. The witness, Percy Smith, testified that he did not see just how Senobia Turbin fell, but that he saw her after she had fallen and that he went to her assistance. While he was a witness called by the plaintiff, he admitted that right there at the scene of the accident Senobia Turbin told him that she had slipped on a banana peeling in the gutter; that he saw the banana peeling a foot from her foot. He testified further that she told him afterwards she was dazed at the time and did not know what she was saying. However, this presents a matter to be weighed by the jury.

■ The trial court should have in some way instructed the jury when Senobia Turbin would have ceased to be a passenger upon the bus and also that the company would only be required to exercise ordinary care toward her after she had ceased to be a passenger.

■ The trial court was in error in assuming that Senobia Turbin was a passenger at the time she was injured and in instructing the jury in the manner in which he did with reference to the degree of care which the company owed to her at the time of her injury. Dallas Rapid Transit Co. v. Payne, 98 Tex. 211, 82 S. W. 649; Northern Texas Traction Co. v. Nicholson, Tex.Civ.App., 188 S.W. 1028.

For the error pointed out, the judgment will be reversed and the cause remanded.