DELIA BURKE *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

AUGUST 13, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   This is an action of trespass on the case for negligence.   It was heard in the superior court before a jury which returned a verdict for the plaintiff in the sum of $18,000.   On defendant's motion the trial justice ordered a new trial unless plaintiff filed a remittitur of all of the verdict in excess of $12,000, which was done.   The case is before us on defendant's exceptions to the denial of its motions for a directed verdict and for a new trial, to rulings on evidence, and to a certain portion of the charge.

A brief summary of the evidence in general terms is sufficient for our purposes.   About 12:45 p.m. on December 5, 1947 plaintiff was a passenger on a bus of the defendant company.   The accident happened when the bus stopped on Academy avenue in the city of Providence to allow plaintiff to alight.   The weather was bad.   At the time it was snowing lightly and the highway was slippery.   Plaintiff testified that the bus came to a stop with its front dual-exit door about opposite the middle of a truck parked at the curb; that on alighting she found herself in a narrow space between the two vehicles so that she had to walk on the highway in that space towards the rear of the bus and then go around the rear of the truck in order to reach the sidewalk; that after she had taken "one step" in that direction the bus started up fast; that by so doing it threw

52

her against the truck; and that when it had cleared her she fell to the ground suffering certain injuries.

Defendant's evidence with reference to the place where the bus stopped for the plaintiff to alight is quite different. It appears from that evidence that the bus stopped with its exit door opposite an open space, some six and one half to seven feet wide, between two trucks that were parked at the curb to the right of the bus; that, after alighting, the plaintiff instead of going directly to the sidewalk in the space between the two trucks turned away therefrom and walked towards the rear of the bus between that vehicle and the second truck, which fact was unknown to the operator of the bus; that she was thrown against the truck by the skidding of the bus when it started after she had safely alighted; and that the operator of the bus did not know of the accident until hailed by a third party.

It is well settled that on a motion for a directed verdict a trial justice is not concerned with the weight of the evidence or the credibility of the witnesses. He is bound to view the evidence most favorably to the adverse party. In the circumstances of this case we are of the opinion that there was no error in denying defendant's motion for a directed verdict and its exception thereto is overruled.

Defendant excepted to that part of the charge appearing in the transcript in which the jury was instructed in substance and effect that, since the plaintiff was a passenger, the law imposed a duty upon the defendant to use the greatest care that *human ingenuity* and foresight can devise, consistently with the conduct of its business, for the safety of the plaintiff. A close examination of the charge as a whole fails to reveal any expression by the trial justice tending to limit or modify that instruction; in fact, it was reaffirmed by reference in two other places. In our judgment the law with reference to the duty of a common carrier towards a passenger as thus stated and reiterated was prejudicial to the defendant, in that it imported into

our well-established rule governing such relation an element that is not to be found in any of our cases. This court has repeatedly and in plain language held that a common carrier is bound to exercise towards a passenger the highest degree of care and foresight consistent with the orderly conduct of its business with respect to all matters under its control. *Adams* v. *United Electric Rys.*, 46 R. I. 312; *Keefe* v. *United Electric Rys.*, 59 R. I. 423; *Shipman* v. *United Electric Rys.*, 68 R. I. 39; *Gillogly* v. *New England Transportation Co.*, 73 R. I. 456.

To extend such rule by saying that the defendant here was bound to use the greatest care within "human ingenuity" in effect imposed upon the carrier the duty of an insurer. The word "ingenuity" is synonymous with "Inventiveness, originality, adroitness." Webster's New International Dictionary (2d ed.) p. 1278. We have found no case and none was cited to us in which such an extreme and impractical duty as the one under discussion has been imposed on a common carrier. The only case involving consideration of the meaning of the word "ingenuity" which counsel for plaintiff called to our attention was *Tolfree* v. *Wetzler*, 22 Fed. 2d 214, where the matter in dispute related to certain patent rights. Obviously that case is in an entirely different field of law and therefore it is of no assistance to the plaintiff in the circumstances of the instant case.

It is argued in plaintiff's brief that the declaration, which the trial justice read almost in its entirety to the jury in the preliminary stages of the charge, contained a sufficiently adequate statement of defendant's duty towards the plaintiff as a passenger, and therefore the charge when read as a whole was without error. That argument is specious. We know of no instance where it has been held that the allegation of a duty in a declaration corrects or supersedes a positive and erroneous statement of law by a trial justice in his charge to the jury.

The instruction in question was the only expression by the court with reference to the duty of the defendant towards the plaintiff under the conflicting evidence which was reasonably open to different conclusions as to plaintiff's status at the time of the accident. Generally speaking, a common carrier operating on the public highways is held to the high degree of care hereinbefore discussed for the safety of a passenger. An important element of that duty is to stop the vehicle at a reasonably safe place for a passenger to alight. Ordinarily the relation of carrier and passenger continues until the passenger has safely alighted in such a place. Thereafter the status of such person is merely that of a traveler on the highway over which the carrier has no control. *Loggins* v. *Southern Public Utilities Co.*, 181 N.C. 221; *Sims* v. *Knoxville Railway & Light Co.*, 141 Tenn. 238; *Roden* v. *Connecticut Co.*, 113 Conn. 408; *San Antonio Public Service Co.* v. *Turbin*, Tex. Civ. App. 153 S.W.2d 343. 13 C.J.S. Carriers, §565. See *Shipman* v. *United Electric Rys.*, 68 R. I. 39, 42; *Riley* v. *Rhode Island Co.*, 29 R. I. 143, 146. In the instant case the defendant's exception to the instruction in question is sustained.

Since in our judgment the instruction as given was erroneous as a matter of law and prejudicial to the defendant it is unnecessary to consider its other exceptions. However, we suggest that at the next trial the jury be instructed also as to the effect of mere skidding by a motor vehicle in accordance with *Peters* v. *United Electric Rys.*, 57 R. I. 311.

The defendant's exception to the denial of its motion for a directed verdict is overruled, the exception to the charge is sustained, and the case is remitted to the superior court for a new trial.

*Angelo Caldarone, Aram A. Arabian,* for plaintiff.

*Earl A. Sweeney, Frank J. McGee,* for defendant.