THOMAS F. BRADY v. GEORGIA HOME INSURANCE COMPANY.

Decided November 28, 1900.

1. Charge of Court—Error Not Available.

A party will not be heard on appeal to complain of a charge where, at the trial below, he requested the submission of a charge to the same effect.

2. Malicious Prosecution—Probable Cause—Motive.

Where a criminal prosecution for arson, resulting in an acquittal, was instituted on probable cause, and under the advice of the county attorney, to whom the prosecutor fairly communicated all the material facts, it was not sufficient to sustain an action by the defendant for malicious prosecution, though the motive of the prosecutor was to defeat a claim for insurance on the house that was burned.

3. Same—Good Faith—Advice of Attorney.

To justify a criminal prosecution on the ground that it was advised by an attorney, a statement of all the facts known to the prosecutor must be made in good faith to the attorney, but the good faith refers not to the object of the prosecution, but to the honest desire of the prosecutor to ascertain if the facts stated make out a case against the accused.

4. Charge of Court—Repetition.

While it is improper for the court, by frequent repetition, to place a principle of law too prominently before the jury, yet a violation of the rule will not require a reversal where the repetition does not indicate the court's opinion on the facts.

5. Evidence—Declarations—Conspiracy.

Declarations of a third person made to a party charged with conspiracy, after the alleged conspiracy has been consummated, and in the absence of the other party charged therewith, are not admissible as against such other party.

6. Assignment of Error.

Where an assignment of error to the admission of evidence does not point out the error, and the bill of exceptions on which it is based does not point out the question asked or answer given to which objection is made, the assignment will not be considered.

APPEAL from Bexar. Tried below before Hon. S. J. BROOKS.

*Burney & Garrett* and *Chas. W. Ogden*, for appellant.

*P. J. Lewis* and *Alexander & Thompson*, for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages alleged to have accrued by reason of a malicious prosecution instituted by the insurance company and S. D. Scudder and James G. Matthews, the appellees herein. The jury returned a verdict for appellees, and from the judgment based thereon this appeal has been perfected. This suit was based upon an affidavit made by Matthews against appellant charging him with arson, the house burned being the property of appellant and insured against fire by the Georgia Home Insurance Company. The affidavit was made by Matthews, who had been employed by the insurance company to discover the facts surrounding the burning of the house. The complaint against appellant was made in good faith, and upon probable cause, and under the advice of the county attorney of

Kerr County, to whom all the material facts connected with the fire were made known by Matthews.

The following instruction was given by the court: "If you believe from the evidence that the prosecution against the plaintiff, Thos. F. Brady, was instituted or participated in by the defendants, or any of them, and that the said prosecution was without probable cause, and not for motives affecting public interest, but for the purpose of defeating the claim, if any, which the said Brady had or might have upon the policy of insurance issued by the Georgia Home Insurance Company upon the property belonging to the plaintiff, which was consumed by fire, then you will find for the plaintiff against such of the defendants as you believe from the evidence participated in said prosecution, or ratified the same, unless you find under the instructions hereinafter given you that said Matthews made a full and fair statement of all the facts within his knowledge concerning said fire to the county attorney of Kerr County, and that he advised or required the prosecution." This charge is attacked, first, because the court should not have assumed that there was any conflict in the testimony touching the purpose for which the prosecution was instituted, when the whole of the evidence indicated that it was done to defeat any claim for insurance on the house that was destroyed by fire; and second, because there was no testimony tending to show that Matthews made a full and fair statement of the facts within his knowledge concerning the fire to the county attorney, and that he advised the prosecution. A sufficient answer to the objections to the charge is, that appellant has lost any right, had any ever existed, of complaining of the charge on any grounds, for the reason that he, in a special charge, requested submission of the identical issues which he now insists should not have gone to the jury. Railway v. Sein, 33 S. W. Rep., 559.

It may be said in this connection that, in order to recover in a suit of this character, the plaintiff must establish the concurrence of the following facts: First, that a criminal prosecution was instituted, without probable cause therefor; second, that the motive in instituting it was malicious; and third, that the prosecution has terminated in the acquittal or discharge of the accused. If it be shown that a criminal proceeding was instituted, but upon probable cause, it would not matter what may have been the underlying motive that caused action upon the part of the prosecutor. The motives may be of the basest character, and yet they can not be made the foundation of an action, unless it be shown that no probable cause existed for the prosecution. As said by the court in the case of Griffin v. Chubb, 7 Texas, 630: "To maintain the action it was incumbent on the plaintiff to prove both the want of probable cause and malice. Neither alone is, in general, sufficient."

The question in cases of tort is, whether or not the complaining party has suffered a legal wrong at the hands of the defendant, and the good or bad motive back of the action can not make a right action wrong, or a wrong action right, in the eyes of the law. As said by Cooley in his

work on Torts, page 832, "Malicious motives make a bad act worse, but they can not make that a wrong which in its own essence is lawful." To apply it to this case, if Matthews acted upon probable cause in making the affidavit against Brady, appellees are not liable, no matter if the object of the prosecution was to defeat payment of the insurance money. Citizens should be encouraged in enforcing the laws of the country, and should not be deterred from attempting to punish one whom they have probable cause to believe to be guilty, although their activity may be the outcome of sinister motives.

It is the rule, it is true, that, to justify a prosecution on the ground that it was advised by an attorney, a statement of all the facts known to the prosecutor must be made in good faith, which would seem to contain the idea that motive might be of consequence in cases of malicious prosecution, but the matter of good faith refers not to the object of the prosecution, but to the honest desire of the prosecutor to ascertain if the facts stated make out a case against the accused. "It is to be presumed that the county attorney would not be influenced by any private spite or interest of the complainant, and that no citizen would be prosecuted by the public prosecutor except upon what the officer believed to be reasonable ground for such proceeding. It is therefore evident that if the State has selected a proper officer to represent it, no malice of the informant can influence the prosecution, unless it be to suppress a part of the facts or to state that which was not true, in which event, if knowingly done, he would not be protected from punishment by having secured the advice of the prosecuting attorney."

There was evidence tending to show that Matthews acted in good faith and fairly and honestly communicated all the facts known to him to the county attorney, and that the latter determined that there was probable cause for the prosecution, and consequently the court did not err in submitting that issue to the jury, even though such charge had not been also asked by the appellant.

There was no evidence going to prove that the prosecution was instituted before consultation with the county attorney, and it was proper to refuse a charge presenting that issue to the jury. The beginning of the prosecution was the filing of the complaint which was prepared by the county attorney. Neither was there any question as to the good faith of Matthews. Appellant proved that he acted in good faith.

It is urged that the court repeated the instruction as to the statement made by Matthews to the county attorney, and gave it such prominence as to necessitate a reversal. It is improper for a court by frequent repetitions to place a principle of law involved in the case too prominently before the jury, but a violation of the rule would not necessarily require a reversal. The repetition of the matter can do no harm, unless it induced the jury to believe that the court believed that Matthews had made the statement to the county attorney. Railway v. Leake, 64 Texas, 657; Ratto v. Bluestein, 84 Texas, 57. We do not think that the repetition of the principle of law indicated the opinion of the court to the jury, and in the instruction requested by appellees and given by the

court the general charge was made clearer on the point presented, and was not on the weight of the evidence, as claimed by appellant.

The fifteenth assignment is disposed of by what has been said in regard to motive in another portion of this opinion. If there was probable cause for the prosecution, it would not matter what the motives of the prosecutor may have been, and it was not error to so inform the jury.

The declarations of Thompson were made to Matthews in the absence of Scudder, after the alleged conspiracy had been consummated, and it was not error to instruct the jury that the declarations of Thompson should not be considered in connection with Scudder. 1 Greenl. Ev., 111, and 3 Greenl. Ev., 94.

In view of the fact that J. R. Browne, president of the insurance company, was permitted to testify that his company had no knowledge of the prosecution of appellant until after its termination, and had not authorized it, without objection on the part of appellant, he can not take advantage of testimony to the same effect given by W. C. Coart, another officer of the company.

The fifth assignment of error does not point out the error of which complaint is made, and can not be considered. The bill of exceptions, which is referred to in the statement as being the basis of the assignment, does not point out the question asked or answer given to which objection was made.

The findings of fact dispose of the remaining assignments of error The judgment is affirmed.

*Affirmed.*

Writ of error refused.