Debra Lumsden, by Next Friend, v. Chicago, Rock Island & Texas Railway Company.

Decided March 14, 1903.

**1.—Contributory Negligence—Evidence Requiring Charge.**

In an action for negligently causing the death of a person killed by a train while crossing the track, evidence that he did not look or listen for a train before going on the track, and that he could have seen or heard the train had he done so, required a charge submitting the issue of contributory negligence.

**2.—Charge—Giving Undue Prominence.**

Where the court has charged upon a given matter, and the jury ask for additional instructions on that subject, a further instruction thereon is not subject to the objection of giving undue prominence to that feature of the case.

Appeal from the District Court of Wise. Tried below before Hon. J. W. Patterson.

*R. E. Carswell* and *A. M. Carter,* for appellant.

*N. H. Lassiter* and *T. J. McMurray,* for appellee.

SPEER, Associate Justice.—R. E. Lumsden as next friend to her minor daughter, Debra, brought this suit against the Chicago, Rock Island & Texas Railway Company to recover damages for the negligent killing of Debra's father, and from a judgment denying recovery she has perfected this, her third appeal to this court. See 23 Texas Civ. App., 127, 56 S. W. Rep., 605, and 28 Texas Civ. App., 225, 67 S. W. Rep., 168. There are but three assignments of error, all of which are predicated upon the charge of the court.

The three assignments complain of the following charges, respectively, viz:

First. "5. If you find and believe from a preponderance of the evidence in this cause that John W. Lumsden failed to look and listen for cars before going upon the track where he was killed; and if you believe such failure to look and listen for approaching cars was negligence on the part of said Lumsden as the same is hereinbefore defined; and if you believe that the said Lumsden, by so looking or listening, could have discovered the approaching cars, you will find for the defendant."

Second. "9. If you believe from a preponderance of the evidence that the said John W. Lumsden attempted to cross the defendant's track in front of the moving cars, and that he was thereby run over and killed by the cars of defendant; and if you believe that the said Lumsden, in so attempting to cross said track, was guilty of negligence as the same is hereinbefore defined, you will find for the defendant."

Third. "Gentlemen of the jury, in response to your inquiry made verbally in open court, you are charged that if you find and believe from a preponderance of the evidence that the agents and employes of the de-

fendant were guilty of negligence in running over and killing the said John W. Lumsden, and you further believe from a preponderance of the evidence that the said John W. Lumsden was himself guilty of negligence in going upon and being upon the track of the railroad at the time; and if you believe that such negligence on the part of the said Lumsden contributed proximately to his death, then, if such you find the facts to be, the plaintiff can not recover, and should, if you so find, return a verdict for the defendant railroad company."

It is insisted that the first two, being parts of the court's general charge, should not have been given, because there was no evidence authorizing the submission of such issues to the jury, and that the third, given, as the charge indicates, in response to the inquiry of the jury, was erroneous for the same reason, and for the additional reason that it gave undue prominence to the feature of contributory negligence.

We are of opinion the evidence was amply sufficient to require the submission of these issues to the jury. The circumstances attending the accident, as well as the testimony of the witnesses who were near by, tend very strongly to show, if indeed they do not do so, that the deceased did not look or listen for an approaching train before going upon appellee's track. There was nothing to have prevented his discovering the danger if he had exercised even this slight precaution. On the other hand, if he did look or listen, it can not be doubted but that he saw or heard the approaching cars, and thought to cross before they could be upon him. In either event it was for the jury to find whether or not his conduct amounted to negligence, and in this state of the evidence the trial court could not safely omit either of the paragraphs of the charge complained of. Gulf, C. & S. F. Ry. Co. v. Wilson, 59 S. W. Rep., 592; Tucker v. International & G. N. Ry. Co., 67 S. W. Rep., 914, 4 Texas Ct. Rep., 471, 768; Sanchez v. San Antonio & A. P. Ry. Co., 30 S. W. Rep., 431.

We are also of opinion there was no error in giving the additional charge complained of. Such practice is specially authorized by statute (Rev. Stats., art. 1321), and where a jury makes request for such additional instruction, if the same be upon a question of law properly arising in the case, the trial judge has either to prepare and submit to them an additional charge, or indicate that the subject is embraced in the instructions already given, in either of which cases it may be said in a sense that prominence is given the issue thus referred to. It is the theory of the law that the court will give to the jury such instructions as will enable them to apply the law to the facts as they find them; it should be so in practice. When jurors are honestly seeking to arrive at a verdict, and in a proper manner ask for information as to the law of the case, the trial court should be free to instruct them. This will better conserve the public interests in the promotion of justice than to deny the requested information because of a possible prominence that may be thereby given to some feature of the case. The principle involved in the proposition that the oft-repeated presentation of a phase of a case by the court in his charge to the jury amounts to an undue prominence given

to such phase or issue, is that the mind of the jury will be thus unwittingly drawn to a consideration of such phase or issue and give to the same a weight out of proportion to that which it is justly entitled to. In other words that the jury will be unduly impressed with the belief that the trial judge attaches great importance to the matter thus frequently called to their attention. The principle itself does not apply to a case like the present. Here the mind of the jury is already resting upon a particular phase of the case, and not fully comprehending the law to govern them, the jury asks for information upon that question, and it is the duty of the court to answer the inquiry in such manner as will enable them to intelligently determine the matters submitted to their arbitrament.

We find no error in the judgment, and the same will be affirmed.

*Affirmed.*