## A. B. MOORE v. NORTHERN TEXAS TRACTION COMPANY.

Decided February 10, 1906.

**1.—Negligence—Anticipated Consequence—Testimony.**

Where the evidence showed that one of defendant's motor cars collided with a horse upon the track, and a lady passenger standing upon the front platform of the car becoming frightened jumped from the car and was injured, it was reversible error to admit the testimony of the motorman and the conductor that they did not anticipate such an occurrence and such a consequence. The proper test was, could a very cautions, prudent and competent person, situated as were defendant's employes, have anticipated that such an accident would probably result from the action of the motorman in negligently running into an obstruction on the track? and not whether the particular servant did or did not actually contemplate such results.

**2.—City Ordinance—Speed—Evidence.**

Where there was testimony in the record to the effect that the street car in question was running "very fast," and "mighty fast," it was error to exclude evidence of a city ordinance against running street cars faster than seven miles an hour. The rate of speed was a question of fact for the jury.

**3.—Carrier and Passenger—Degree of Care.**

It is the duty of a carrier of passengers to exercise the highest degree of care for the passenger's safety. A charge that it was the duty of the carrier "to exercise that high degree of care for the *reasonable* personal safety of passengers on its cars, which a very prudent and competent person would use under the same or like circumstances," was misleading.

**4.—Passenger on Platform—Negligence.**

The fact that the injured party was standing on the platform of the car at the time of the accident raised the issue of contributory negligence, and warranted the court in assuming that such act, if negligence, was a proximate cause of the injury.

**5.—Negligence—Anticipated Consequence—Charge.**

It is not necessary that a defendant, to be liable for his negligence, must have anticipated the precise injury or the precise person receiving the injury, but it is sufficient if he ought to have anticipated a similar injury to some one similarly situated. Charges considered and held erroneous.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*Cowan & Burney* and *Chas. K. Lee*, for appellant.—It was negligence in itself to allow Mrs. Moore to continue on the platform under the circumstances. Pittsburg, A. & M. P. Ry. Co. v. Caldwell, 74 Pa. St., 421; Pray v. Omaha Street Ry. Co., 44 Neb., 167; Elliott v. Newport Street Ry. Co., 23 Law Rep. Ann., 208.

The amount of care owed by the defendant will vary with the character of the passenger. The obligation and duty is greater, ordinarily, with reference to protecting women and children than it is as to men. St. Louis, A. & T. v. Finley, 79 Texas, 85; followed by this court in Chicago, R. I. & T. Ry. v. Boyles, 11 Texas Civ. App., 525; Ridenhour v. Kansas City Cable Ry. Co. (Mo.), 14 S. W. Rep., 760.

The degree of care will also be greater when the passengers are known to be exposed to danger. Gaffney v. Brooklyn City Ry. Co., 4 Am. Elec. Cases, 454; Reber v. Traction Co., 6 Am. Elec. Cases, 447.

The defendant's negligence being the cause of Mrs. Moore's fright, it is responsible for all of the consequences thereof. Jackson v. Galveston, H. & S. A. Ry., 90 Texas, 372; International & G. N. v. Neff, 87 Texas, 303; Texas & P. v. Watkins, 88 Texas, 20; Missouri, K. & T. v. Rogers, 91 Texas, 59.

The acts of negligence proved were the proximate cause of the injury. There was no question of remoteness involved. Wood v. Railroad Co., 6 Am. Elec. Cases, 429; Jackson v. Galveston, H. & S. A. Ry. Co., 90 Texas, 372; Gulf, C. & S. F. Ry. v. Wood, 63 S. W. Rep., 164; Washington v. Missouri, K. & T. Ry. Co., 90 Texas, 314.

Under the testimony in this case, the plaintiff should have had a verdict. Metropolitan Ry. Co. v. Moore, 83 Ga., 453; Bischoff v. Peoples' Ry. Co., 25 S. W. Rep., 908; Howell v. Lansing City Elec. Co., 99 N. W. Rep., 407; Wood v. Railway Co., 6 Am. Elec. Cases, 429.

*Capps & Canty, Hanger & Short* and *Theodore Mack,* for appellee.—Not only is the court's charge free from error, but it seems that a peremptory instruction to find in favor of the traction company should have been given, for the reason that the injury to appellant's wife was such that could not have been foreseen and reasonably anticipated, and was such an injury that would not have resulted had not the interposition of a new and independent cause interrupted the natural consequence of events, turned aside their course and produced the injury, in that the plaintiff's wife was caused to jump from the car by reason of the horse falling on the track of appellee. Texas & P. Ry. v. Bigham, 90 Texas, 223; Denison & Sherman Ry. v. Carter, 98 Texas, 196; Milwaukee & St. P. Ry. v. Kellog, 94 U. S., 469; Cole v. Sherman Savings Co., 63 Law Rep. Ann., 416, and elaborate note; Nealy v. Fort Worth & R. G. Ry. Co., 72 S. W. Rep., 159.

SPEER, ASSOCIATE JUSTICE.—This suit was instituted by A. B. Moore against the Northern Texas Traction Company to recover damages for injuries alleged to have been sustained by his wife in jumping from a street car in the city of Fort Worth. It is unnecessary to a disposition of the case to state the grounds of negligence alleged against the company.

There was a trial before a jury, which resulted in a verdict and judgment in favor of the defendant. The plaintiff has appealed. By bill of exception No. 6 it is shown that while the defendant's witness, Archer White was on the stand, on re-direct examination he testified: " 'The lady never made any statement that there was danger in riding on the front platform. At the time she got on there I had no idea that a horse would fall down in front of my car, or, that if it did, she would get scared and jump off.' Whereupon the following question was asked by the defendant's counsel and answer made by the witness before objection could be made: 'Q. Had any one told or said anything to you to make you believe she would do it? A. No, sir.' Whereupon plaintiff, by counsel, objected to the question and answer on the ground that it was irrelevant and immaterial, which objection was by the court overruled, and the plaintiff excepted." By bill of exception No. 7 it is shown that while the defendant's witness Richardson was on the stand,

defendant's counsel asked him. a question and he was permitted to answer the same as follows.    " 'Q.  I will ask you this:  Did you have an idea, if a horse should fall down in front of this car and that this plaintiff being on the front platform and that the car was approaching and probably might run into a horse, did you have any idea or knowledge of the fact that she would jump from the car and hurt herself?  A.  No sir, I didn't.'  The witness further testified in that connection as follows:  'There was nothing transpired that I know of, to make me believe she would jump.'  To which question and the answer thereto and the testimony as shown the plaintiff then and there excepted and objected on the ground that the testimony was irrelevant and immaterial."   In these rulings the court erred, and his error is such as to call for a reversal of the case.  In admitting the evidence the court held the same to be relevant.  But relevant to what?  It is not a question in the case whether or not appellee's motorman, White, had heard any one say anything that would make him believe Mrs. Moore would jump from the car, or whether or not appellee's conductor, Richardson, had an idea that if a horse should fall down in front of the car, Mrs. Moore would jump from the car and hurt herself.  It is not an essential to appellee's liability in this case that its servants operating the car on the occasion of Mrs. Moore's injury, should actually have anticipated that by reason of their negligence in running into a horse and buggy, that that lady would jump from the car and be injured.  It is only on the theory that it was, that this testimony could in any way be made relevant or material. The alleged negligence of appellee would be the proximate cause of Mrs. Moore's injury in the event such result was one which probably would follow such act of negligence, and therefore one which a very cautious and prudent person, situated as was appellee's conductor, ought to have foreseen.  The test upon this question of anticipation is, then, Could a very cautious, prudent and competent person, situated as was appellee's motorman, have anticipated that such an accident would probably result from his act in negligently running into an obstruction on the track? And not that such motorman did or did not actually have an idea, know or contemplate such results.  To admit evidence that he did not actually anticipate the injury, is to introduce evidence in support of a foreign issue in the case, and an issue, too, which would not be defensive if actually pleaded.  It could serve only to confuse the minds of the jurors to the prejudice of appellant.  The evidence therefore did not tend to prove any legitimate issue arising in the case and should have been excluded.

There was also error in excluding from the jury the ordinance of the city of Fort Worth when offered by the appellant as follows.  "Sec. 410. Speed of Street Cars.  Any person, firm, corporation, or company, who shall in this city run, or cause to be run, any street car at a greater rate of speed than seven miles per hour, shall be deemed guilty of a misdemeanor and shall, upon conviction thereof, be fined in any sum not less than five nor more than twenty-five dollars."  This was excluded upon the objection of appellee that "there was absolutely no evidence to show that the car was going over seven miles an hour, and therefore the ordinance was irrelevant and immaterial."  But we think there is evidence in the record from which the jury might have found that the

car was exceeding the speed prescribed by the ordinance offered.  While this evidence is couched in such general terms as "very fast" and "mighty fast," and while these expressions are terms of relative meaning, yet when applied to a particular object—a street car in this instance—they are sufficiently definite to enable the jury to say whether or not the car was traveling in excess of seven miles per hour.

The court charged the jury that appellee owed the duty under the law "to exercise that high degree of care for the reasonable personal safety of passengers on its cars which a very prudent and competent person would use under the same or like circumstances," etc.  We suggest on another trial that the word "reasonable" be omitted, since it might be understood to engraft a limitation upon the well-defined duty of carrier to passenger. to exercise the highest degree of care for such passenger's safety.

The evidence authorized the court to submit to the jury, as he did, the question of Mrs. Moore's contributory negligence in taking her position and remaining on the front platform of appellee's car.  Nor do we think there was error in assuming, as the court did, if she was guilty of negligence in this particular, that it was a proximate cause contributing to her injury.

In our judgment, a more serious and more substantial error than either of these above discussed was committed by the court in submitting to the jury the question of proximate cause, when tested by the rule of what ought reasonably to be anticipated.  In paragraph 2 the jury are instructed to return a verdict in favor of the plaintiff if they have found the negligence alleged, and "further believe from all the facts and circumstances in evidence, that the motorman ought reasonably to have anticipated that as a result of such negligence, if any, on his part there was danger of Mrs. Moore's becoming so frightened as to jump from said car while it was in motion."  In paragraph 3 the jury are authorized to find for the plaintiff if they have found the defendant guilty of negligence in maintaining its track in the condition alleged, and "further believe from the evidence that it ought reasonably to have been anticipated by the defendant that such an injury to some passenger on some of its cars, occasioned as Mrs. Moore's injury was occasioned, might probably result as a consequence of said open space, between the rails, if any," etc.  In paragraph 8 the jury are told, "yet if you further believe from the evidence that a very prudent and competent person, exercising the degree of care owed by the defendant and explained above, similarly situated to the defendant, could not reasonably have anticipated that an injury to a passenger on a car, occasioned as plaintiff's injury was occasioned, might result as a consequence of such negligence, then you will return a verdict in favor of the defendant."  After having received the court's charge, the jury propounded to the court the following questions:  "Does the 'reasonable anticipation' refer to both the motorman and the management, or to only one, and which?"  "Does the 'reasonable anticipation' refer to only this particular accident, or generally to all accidents that might occur to those riding on the front of a car?"  In reply the court instructed them as follows:  "Complying with your request for further instruction, explaining the meaning of the

language used in paragraph 8 of the charge already given, you are instructed that by the language used in said paragraph is meant:

"Even though you should find, under other instructions given in the charge, that the motorman in charge of the car was guilty of negligence in the operation of said car, in some one or all the matters mentioned in the second paragraph of the charge, but further believe from the evidence that a very prudent and competent motorman, exercising the degree of care owed by the defendant and explained in the first paragraph of the charge, could not under the same circumstances, have reasonably anticipated that as a result of such negligence Mrs. Moore might become frightened in the manner in which she was frightened, and jump from the car while in motion as she jumped from it, then you can not find for the plaintiff by reason of the alleged negligence of said motorman; and

"Even though you should find, under other instructions given in the charge, that the agents of the defendant charged with the duty of construction and maintaining its track, were guilty of negligence in maintaining it in the condition you believe the same was in at the time and place of the accident, yet if you further believe from the evidence that a very prudent and competent person, charged with the same duty and exercising the degree of care owed by the defendant and explained in the first paragraph of the charge, could not reasonably have anticipated that as a result of such negligence a horse might fall on the street in front of a moving car and that a passenger on the front platform of such car, might through fright occasioned by fear of collision between said car and the horse or the vehicle attached thereto, jump from the car while in motion and be injured, then you can not find for the plaintiff by reason of the alleged negligence of the defendant in the construction and maintaining its track in the condition you believe the same was in at the time and place of the accident." In the first place, we sustain the contention that these charges are on the weight of the evidence, and by giving undue prominence to the fact that the appellee must have been able to anticipate the accident before it would be held liable, amount to an intimation to the jury that appellee could not reasonably have anticipated that by reason of its negligence Mrs. Moore would become frightened, jump from its car and be injured. See Lumsden v. Chicago, R. I. & T. Ry. Co., 73 S. W. Rep., 428, and authorities there cited. We do not mean to intimate that the mere answering of the jury's questions gave undue prominence to the feature of the case inquired about, for we have held to the very contrary. See Lumsden v. Chicago, R. I. & T. Ry. Co., 73 S. W. Rep., 428. But aside from this, the jury are reminded in the second, third and eighth paragraphs that the injury must have been of such character as reasonably to have been anticipated before appellee was to be held liable, and in the instructions given to the jury in answer to their question whether or not "this 'reasonable anticipation' referred to both the motorman and the management or to only one, and whether to this particular accident or generally," the court virtually reiterates the charges already given and makes no clearer the question evidently perplexing the jury—that is, whether or not a very cautious and competent person ought to have anticipated this particular accident to Mrs. Moore, or only that such an accident was likely to occur to some passenger. But in view of the

jury's perplexity, as evidenced by their interrogatories to the court, we think it quite clear that the court's charge upon the question of anticipated injuries, as set forth in his answer to these interrogatories and as previously given in the second paragraph of his charge, was highly misleading to the jury, in that by it they were doubtless led to believe that before appellee would be liable in the case, its motorman in the exercise of that high degree of care required, must have anticipated the precise injury and the precise person to whom it would happen—Mrs. Moore. While to the trained mind it might appear that if an injury to some person should be anticipated, it necessarily included an injury to any person, yet it is not clear that the jury so reasoned. On the contrary, in view of their questions to the court, they did not so reason. It has never been held, so far as we are aware, and is not thought to be the law, that a defendant must have anticipated the precise injury or precise person receiving the injury, but it is sufficient if he ought to have anticipated a similar injury to some one similarly situated (Texas & Pacific Ry. Co. v. Bigham, 90 Texas, 227), and we think the charge as a whole in this case made a false impression upon the jury's mind in this all-important particular.

For these errors, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*