## W. B. BUCHANAN v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

### Decided December 21, 1907.

**1.—Railway Crossing—Negligence of Flagman—Evidence.**

In a suit for personal injuries received by collision with a locomotive at the crossing of a public street over the tracks of a railroad, evidence considered, and held to raise the issue of negligence on the part of the flagman and to require the submission of such issue to the jury.

**2.—Contributory Negligence—Undue Prominence.**

In a suit for personal injuries, the submission of the issue of contributory negligence on the part of plaintiff in various forms, held unnecessary and, under the facts of the case, calculated to unduly impress the jury.

Appeal from the District Court of Cooke County. Tried below before Hon. W. O. Davis, Special Judge.

*Stuart & Bell,* for appellant.

*Garnett & Eldridge,* for appellee.

CONNER, CHIEF JUSTICE.—Appellant sued the appellee railway company for damages sustained as a result of a collision with a passing engine at the point where Broadway Street in the city of Gainesville crosses the line of appellee's railway track. Appellant alleged, among other things, that on June 9, 1905, he was driving east on Broadway Street in his buggy; that at the time appellee there had a watchman whose duty it was to warn people intending to cross the railway track at the point named; that he, appellant, saw the watchman but said watchman did not give appellant any notice or warning of the approach of any train; that after appellant had seen said watchman he drove on east and attempted to cross the track of the railway; that just as he neared the track one of appellee's engines suddenly came from the south without any notice or warning, and that appellant was unable to avert the collision, etc.

As a ground for reversal of the judgment rendered against him appellant assigns error to the refusal of the court to give the following charge: "If you find from the evidence that defendant's flagman at Broadway crossing failed to notify plaintiff of the approach of the engine on defendant's road in time for plaintiff to have prevented the collision between his horse and said engine; that such failure was negligence and was a proximate cause of the collision, and that plaintiff was not guilty of negligence directly contributing to the said collision, you will find for plaintiff." We think it was error to refuse this charge inasmuch as there was evidence raising the issue of the flagman's negligence and the court nowhere else submitted it.

The evidence tended to show that two lines of railway crossed Broadway Street at the place in question, the first being that of the Gulf, Colorado & Santa Fe Railway Company, and the second that of the appellee company; that appellant and others had been stopped by a standing passenger train on the first track; that immediately after the passenger train resumed its journey and left the first track clear all waiting parties, including appellant, drove forward across the Santa Fe track, appellant driving in advance and in a trot. The distance between the two tracks is about fifty-eight steps and a watchman's station is located on the south line of Broadway Street between said two lines of track, about eighteen steps east of the first and thirty-six steps west of the second. The evidence of appellant, and that of one other witness also, tends to show that appellant was well acquainted with the fact that a watchman and station had been maintained at the place stated; that it was the duty of the watchman to warn travelers along Broadway Street of the approach of trains, and that in the instance before us appellant saw the watchman and that the watchman failed to give warning signal of the approach of appellee's engine until after appellant had passed beyond him in the direction of appellee's track.

We incline to the opinion also that the charge given by the court is subject to the objection made to it that the issue of appellant's contributory negligence was made too prominent. We fail to see that the submission of this issue in several variant forms was necessary, and under the circumstances was calculated, we think, to unduly impress the jury. In answer to the assignments of error raising the questions we have discussed, appellee principally relies upon counter propositions to the effect that the evidence conclusively shows that appellant was guilty of contributory negligence. In view of another trial it would perhaps be inadvisable to discuss the evidence on the issue mentioned, and we therefore will not set it out. We deem it sufficient to say that the testimony is not wholly without conflict, and after careful consideration and in view of the verdict in appellee's favor we hardly feel prepared to say that the evidence in all of its phases is conclusive.

For the reasons stated it is ordered that the judgment be reversed and the cause remanded.

*Reversed and remanded.*