MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. W. O. DUNBAR.

Decided January 29, 1908.

**1.—Carriers of Passengers—Appliances for Alighting.**

A railroad company, as a carrier of passengers, is charged with the duty of furnishing not only reasonably safe appliances for its passengers to alight, but it is its duty to exercise a high degree of care to furnish the safest appliances.

**2.—Trial—Reading Law in Hearing of Jury.**

It is not reversible error for the trial court to permit counsel to read to the court and to discuss authorities in the hearing of the jury. Especially is this so when no request is made that the jury be retired during the legal argument.

**3.—Carrier of Passengers—Defective Alighting Appliances—Relevant Testimony.**

The testimony of a witness that he had on several occasions seen the box or foot-stool used by a railroad company as an alighting appliance for its passengers, tilt and cause passengers to fall, was admissible as tending to charge defendant with notice of the defective character of said stools.

**4.—Same—Subsequent Test or Experiment.**

In the absence of evidence showing that the conditions were the same at the time of a subsequent test or experiment as at the time an injury was inflicted by the appliances used in the experiment, testimony as to such experiment is not admissible.

**5.—Same—Degree of Care—Charge.**

A special charge upon the degree of care which railroads owe their passengers, considered, and held properly refused because if literally construed it authorized a verdict against the defendant railroad only in the event it failed to exercise a high degree of care and exempted it from liability if it used less than a high degree of care.

**6.—Trial—Repeated Instructions—Error.**

When the evidence upon an issue would support a verdict either way, it is reversible error for the court to give repeated instructions upon the same issue. Charges considered, and rule applied.

**7.—Carriers of Passengers—Station Platform—Comparative Conditions—Inadmissible Testimony.**

Testimony as to the temporary condition of the pavement at a railroad station, such as lumps of coal or clinkers lying thereon, four or five weeks after an accident occurred there, alleged to have been caused by its uneven and defective condition, is not admissible to prove the condition of the pavement at the time of the accident.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*T. S. Miller* and *Perkins & Craddock,* for appellant.—The court erred in the first paragraph of its charge to the jury in these words: "That the defendant railroad company was not an insurer of the safety of the plaintiff on the occasion complained of by him, but it was required to exercise such a high degree of foresight as to possible dangers and such a high degree of prudence in guarding against them as would be used by very cautious, prudent and competent persons under similar circumstances in providing the safest appliances that had been known and tested, to enable him to alight, and a failure to exercise such care is negligence." Texas & P. Ry. Co. v. Cornelius, 30 S. W., 720; Texas & P. Ry. Co. v. O'Brien, 46 S. W., 390; Texas & P. Ry. Co. v. Miller, 79 Texas, 78; Ft. Worth & D. Ry. Co. v. Enos, 50 S. W., 595; Gulf, C. & S. F. Ry. Co. v. Shields, 28 S. W., 709; Conroy v. Chicago, etc., Ry. Co. (Wis.), 70

N. W., 486 (s. c. 38 L. R. A., 419); Taylor v. Pa. Co., 50 Fed.
Rep., 755; Kelly v. Manhattan Ry. Co. (N. Y.), 3 L. R. A., 76;
Palmer v. Pa. Co., 2 L. R. A., 252; Fearn v. West Jersey Ferry
Co., 13 L. R. A., 366.

The court erred in admitting in evidence, over the objections of
defendant, the testimony of plaintiff's witness, J. B. Hall, to the
effect that he had on different occasions seen foot-stools or step-boxes
slip, tip or turn over at the defendant's depot in Greenville: because
(1) said testimony was too general and indefinite; (2) because such
testimony is a mere statement of the opinion and conclusion of the
witness, without stating the particular facts, circumstances, sur-
roundings and conditions existing at any particular time.

The court erred in refusing to admit in evidence the testimony of
the defendant's witnesses, J. T. Hardin, W. S. McKain and W. E.
Gotcher, to the effect that on or about the first day of December
after the accident they examined the pavement at the place where
passengers were usually discharged from the train upon which plain-
tiff was a passenger at the time of the accident, and used a foot-stool
and experimented with the step-box or foot-stool in controversy at
and about such place at said time, for the purpose of determining
whether or not the same sat level and steady upon the pavement,
and that the same did set level, smooth, safe and evenly upon said
pavement.   Because said evidence was material and relevant and
was responsive to the issues made by the pleadings, and especially
upon the issue of defendant's negligence.

*Pierson & Starnes* and *Stinson & Tinley,* for appellee.

FISHER, CHIEF JUSTICE.—Appellee was a passenger on one of
appellant's trains which arrived at Greenville, his point of destination,
about dark.   In attempting to alight the stool upon which he stepped
turned over and threw him down, and as a result he sustained in-
juries for which he brings this suit.

The issues of negligence alleged and submitted by the trial court
are, whether the pavement upon which the stool or box was placed
was uneven, and whether the box was unfit and unsafe for the pur-
pose for which it was used, and that by reason of either of these
facts the box or stool was caused to turn or tilt over, thereby caus-
ing the plaintiff to fall.   Plaintiff recovered judgment for $5000.

There is some question raised as to whether the issues of negli-
gence submitted were pleaded.   While plaintiff's petition is some-
what indefinite, and possibly will be made more certain upon another
trial, we are of the opinion that it is not subject to the objections
urged.

There are assignments of errors which question the charge of the
court in submitting the degree of care that. must be exercised by
the railway company towards its passengers.   The charge upon this
subject practically follows International & G. N. Ry. v. Halloren,
53 Texas, 52; Gulf, C. & S. F. Ry. v. Shields, 9 Texas Civ. App.,
652; International & G. N. Ry. v. Welch, 86 Texas, 203.   And
there are also some assignments which complain of the charge of

the court to the effect that the railway company was charged with the duty of exercising a high degree of care in furnishing the safest appliances for use by its passengers in alighting. This charge is practically in keeping with the rule announced in Missouri Pac. Ry. v. Wortham, 73 Texas, 26; Texas Midland Ry. v. Frey, 25 Texas Civ. App., 386.

What we have just said, in effect, disposes of appellant's eighth assignment of error. If the railway company was charged with a high degree of care to furnish the safest appliance, it would have been improper for the court to have given a charge as requested that the railway company was only charged with the duty of furnishing a reasonably safe appliance.

There was no error in the trial court's permitting counsel to read the case of Railway v. Wortham, as reported in 73 Texas. A party in presenting questions of law to the court has the right to discuss and read from authorities, and the mere fact that the jury may happen to be present at that time would be no ground for objection, especially in view of the fact that there was no request that the jury be retired during the progress of the legal argument. It is not charged that counsel for plaintiff read this authority to the jury, but it was read to the court in the hearing of the jury.

The evidence of the witness Hall, as complained of in the tenth and eleventh assignments of error, was admissible. It had a tendency to show that the box or stool upon which passengers stepped and alighted, was improperly constructed, and the frequency with which such stools turned and caused passengers to fall would be evidence of notice of such defective condition to the servants of the railway company.

There was no error in the court's refusing to admit the testimony of the witnesses Hardin, McKaim and Gotcher, as set out under the thirteenth assignment of error. The tests made by these witnesses as to the conditions actually existing at the time of the accident are not shown to be similar.

There was no error in refusing the charge requested by appellant, as set out under the seventh assignment of error. This charge is peculiarly framed and doubtless inadvertently misstated the rule which was attempted to be given. It is to the effect "that the defendant in its provisions for the alighting of its passengers from its trains was not required to make such provision as to insure their safety; the measure of its duty in this respect was to use that high degree of care that very prudent, cautious and competent persons would under like or similar circumstances have used. Unless, therefore, you believe from the evidence that the defendant failed to use the degree of care as above stated in the provisions it had made for the alighting of its passengers from its trains at the time and place of the accident, and that in such failure, if it did fail, it was negligent, and that such negligence, if any, was the proximate cause of the injuries to the plaintiff, if any, you will find for the defendant." The words "failed to use the degree of care as above stated" are confusing. It makes the liability of the railway company depend upon the fact that it failed to use a high degree of care. Of course,

this is not correct. The failure to use a high degree of care will make the railway company liable, and, certainly, it would be liable if it used less than a high degree of care. The words "failed to use the degree of care as above stated" refer to a high degree of care, and the charge, if literally construed, means that the defendant can only be held responsible if it failed to exercise a high degree of care.

The sixth assignment, in our opinion, presents reversible error. The court in its general charge submitted to the jury the question as to whether the box upon which its passengers alighted was unfit and unsafe for the purposes for which it was used. In addition to this instruction the plaintiff, in his special instruction No. 3, which was given, requested a charge to the effect that if the foot-stool or box used by the defendant was such as was ordinarily used by the defendant, and the jury should believe that by reason of its size and construction it was not a proper and safe appliance, and that defendant railway company was negligent in using such foot-stool and box, and by reason of such negligence, etc., the plaintiff was caused to fall, then to find for the plaintiff. Charge No. 5 requested and given is also to the effect that if the jury believed from the evidence that the foot-stool or box commonly used by defendant in discharging its passengers from its trains would, by reason of its size and construction, tip, slip and turn over, that by reason of such fact it was an unsafe appliance and unfit for the purpose for which it was used, and that defendant was guilty of negligence in using such foot-stool or box, then to find for plaintiff, etc.

The assignment complains that these charges on a disputed issue of fact unnecessarily and improperly repeat an issue to be submitted to the jury. The evidence upon the subject as to whether the box was an unfit or an unsafe appliance, or was properly constructed, would authorize a verdict either way; and there is much evidence in the record which would tend to justify the jury in believing that the box was properly constructed, and was a safe appliance for the purpose for which it was used. The general charge of the court practically presented this subject, and we can not escape the conviction that the two special charges noticed repeat and present the same question, which was an unnecessary repetition, calculated, possibly, to influence the jury to some extent by impressing upon their minds the idea that the court has laid stress upon the fact that the box was possibly an unsafe appliance or was improperly constructed. In view of the evidence we think that these charges gave too much prominence to this question.

Upon another trial we would suggest that the evidence of the witness Cody, as complained of in the twelfth assignment, be not admitted. The facts that he testified to as tending to show a defect in the pavement were too remote. If there had been any permanent defect in the pavement, its condition at the time testified to might have been admissible; but mere floating defects, which may be there today and removed tomorrow, such as the existence of lumps of coal and clinkers on and about the pavement four or five

weeks after the accident, would be of slight, if any, probative force to show a defective condition existing at the time of the accident.

For the errors stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*