DELANCEY v. MISSOURI, K. & T. RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas. Dallas. June 15, 1912.)

1. MASTER AND SERVANT (§ 286*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.

In an action for injuries to an employé in a railroad roundhouse by falling into a turntable pit, evidence *held* not to support a finding of negligence in failing to have the turntable lined up for the main track at the time of the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMING FACTS.

Where, in an action for injuries to a railroad roundhouse employé by falling into a turntable pit, the only issue of negligence was whether the railroad company maintained sufficient light on its premises to enable the employé in the discharge of his duties to see the turntable and the pit when approaching them, a charge that, if the premises were sufficiently lighted to enable persons moving about them to see the turntable and pit when approaching them, the employé could not recover, was not objectionable as assuming that the employé was guilty of contributory negligence as a matter of law, or that he assumed the risk.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

3. TRIAL (§ 244*)—INSTRUCTIONS—SINGLING OUT FACTS.

The charge was not objectionable as singling out one fact, and giving undue prominence thereto.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

4. TRIAL (§ 229*)—CONFLICTING INSTRUCTIONS.

An instruction in an action for injuries to an employé in a railroad roundhouse who fell into a turntable pit that, if the railroad company had exercised ordinary care to have the premises sufficiently lighted at the time of the accident, there could be no recovery by reason of the premises being dark, and an instruction that, if the premises were sufficiently lighted to enable persons moving about to see the turntable and pit in approaching the same, there could be no recovery, submitted distinct defenses, and correctly stated the law.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

---

5. TRIAL (§ 229*)—CONFLICTING INSTRUCTIONS.

An instruction in an action for injuries to an employé in a railroad roundhouse who fell into a turntable pit that if the railroad company supplied its employés torches and oil, and the employé failed to use a torch, and such failure was negligent, and the sole cause of his injuries, there could be no recovery, and an instruction that if the employé failed to make use of the torches, and such failure contributed to the injuries, he could not recover the entire damages sustained, but the jury must apportion the damages between him and the company in proportion to the negligence of each, were not misleading, as presenting the same defense, but correctly stated the law.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. 229.*]

6. NEW TRIAL (§§ 107, 108, 102*)—GROUNDS—NEWLY DISCOVERED EVIDENCE.

A party seeking a new trial on the ground of newly discovered evidence must show that the failure to have the evidence at the trial was not due to his want of diligence, and that the newly discovered evidence is probably true, and will probably lead to a different result on another trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 225, 226, 227, 207, 210–214; Dec. Dig. §§ 107, 108, 102.*]

7. APPEAL AND ERROR (§ 981*)—DISCRETION OF TRIAL COURT—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

Granting of a new trial on the ground of newly discovered evidence is largely in the discretion of the trial court, and, in the absence of an abuse of discretion, its action will not be disturbed by an appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3876; Dec. Dig. § 981.*]

Error from District Court, Hunt County; R. L. Porter, Judge.

Action by J. T. Delancey against the Missouri, Kansas & Texas Railway Company of Texas. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Evans & Carpenter, of Greenville, for plaintiff in error. Alex. S. Coke, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for defendant in error.

TALBOT, J. J. T. Delancey, plaintiff in error, brought this suit against the Missouri, Kansas & Texas Railway Company of Texas, defendant in error, to recover damages alleged to have been suffered by him through the negligence of the defendant while he was working for it at its roundhouse in the city of Greenville, Tex., by reason of falling into a pit about 4½ or 5 feet deep, constructed for a turntable near the roundhouse. It is alleged: That plaintiff was in the service of the defendant, working at the roundhouse and on the dump in the capacity of machinist helper and engine repairer. That defendant maintains and operates a turntable near its roundhouse, which was kept lined up to the main track that extends into the roundhouse. That, in going to and from the roundhouse to the dump to repair engines, plaintiff and other persons engaged in similar employment crossed over the turntable. That

on the night of October 10, 1910, plaintiff, while going from the roundhouse to the dump to work, fell into the pit, and was injured. That some time during the afternoon or night of October 10, 1910, some person connected with the operating department that had been using the turntable had failed and neglected to line the same up with the main track as was usual and customary to do, and that the lights that ordinarily afforded light for these premises had been permitted to become dim and obscured, so that the same were not giving any light the night plaintiff was injured, and the premises were then dark. It was further alleged: That it was the duty of the defendant to furnish plaintiff a reasonably safe place and premises in which to work, and a reasonably safe pathway to travel in going about the premises from one part of the premises to another; but notwithstanding such duty the defendant had failed and neglected to furnish said premises sufficient light, and negligently and carelessly permitted this turntable to be moved from its usual and customary place, thereby creating a trap or pitfall in which plaintiff and other persons similarly employed might reasonably be likely to fall, thereby rendering said premises dangerous and hazardous, by reason of which negligence the plaintiff was caused to fall and be precipitated into the turntable pit, injuring him in different parts of his body. That, by reason of plaintiff's injuries, his ability to labor and earn money had been greatly diminished. That he had suffered physical and mental pain, and would continue so to do in the future, all to his damage in the sum of $20,-000. The defendant answered by general denial and by plea of contributory negligence which set up three distinct matters of conduct of the plaintiff in error as being contributory negligence, which caused his injuries, viz., First, that the plaintiff in error failed to provide himself with a torch which defendant in error had at the place accessible to him for the purpose of lighting his way; second, that the plaintiff in error, without looking or watching, was walking over a place where he knew there were obstructions; third, that plaintiff in error at the time of the alleged injury knew the position of the turntable, knew its construction, knew its movements, and knew the danger to approaching the place, yet he apppproached it and attempted to walk over it without looking or discovering the conditions and situation. The case was tried before the court and a jury, and the trial resulted in a verdict and judgment for the defendant, and the plaintiff appealed.

The first assignment of error complains of the following special charge given at the request of the defendant: "If you believe from the evidence that the defendant's premises about the turntable were at the time plaintiff alleged he was injured sufficiently light-

ed to enable persons moving about said premises to see the turntable and the turntable pit when approaching the same, and before he had reached the same, then, in that event, the plaintiff is not entitled to recover in this suit, and you will return a verdict for the defendant, without regard to whether you believe plaintiff was, or was not, injured at the time and place and in the manner alleged." This charge is objected to on the grounds (1) that it ignores the issue of negligence on the part of the defendant in permitting the turntable to be moved out of line; (2) it assumed that the plaintiff was guilty of contributory negligence, and therefore upon the weight of the evidence; (3) it declared as a matter of law that plaintiff assumed the risk of injury, whereas that question, if raised at all, was one for the determination of the jury; (4) that the charge declared, in effect, that, if the plaintiff was guilty of contributory negligence, he could recover nothing, whereas such negligence would only diminish the amount of his damages; (5) that the charge was on the weight of the evidence, "in that it singled out one fact and called special attention to the same by giving undue prominence thereto." Neither of these propositions should, in our opinion, be sustained. The only issue of negligence raised by the evidence, as we view it, that could have been the proximate cause of the plaintiff's injury, if he was injured, was with respect to whether or not the defendant maintained sufficient light on its premises to enable the plaintiff, in the discharge of his duties, to see the turntable and turntable pit when approaching them and before he reached them.

[1] The evidence, we believe, was insufficient to warrant a finding that the defendant was guilty of negligence in failing to have its turntable lined up for the main track on the occasion in question, and that such negligence was the proximate cause of plaintiff's injury. It was shown that to the north of the turntable 3 railroad tracks lead to it and the pit, and that on the south side toward the roundhouse there are 22 tracks which lead up to the pit in which moves the turntable. Engines or cars going to the roundhouse and its surrounding tracks approach the pit over any one of those tracks which lead to it from the north, one of which is called the main line, one track No. 2, and one called "high dump." The turntable can be swung so as to let an engine or car on it from any one of these three tracks, and then remaining on the turntable the turntable can be swung around so that the engine or car can be moved off onto any one of the 22 tracks on the opposite side and around the pit, or the turntable can be turned so the engine or car can go out on any one of the three tracks to the north. Now, while there is evidence that when the turntable was not being used it was lined up for the main line track, yet the preponderance of the testimony shows that this was not the invariable rule, but that it was only customarily or generally so lined up. The plaintiff at the time he claims to have fallen into the turntable pit had been in the employ of the defendant as a machinist helper for some time, and was thoroughly acquainted with the uses to which the turntable was being put, and the number and location of the railroad tracks leading up to the turntable pit. According to the undisputed testimony, he knew that there were more than 20 tracks other than the main line track with which the turntable could be lined, and in connection with which it was regularly used. He knew that the turntable was likely to be in use at almost any time, and that its very purpose and use of necessity put it in different positions and out of line with the main line track. The turntable and pit were between the roundhouse and the dump where plaintiff was at work the night he claims to have been injured, and he testified: "I had come over from the dump about 15 minutes before I fell, and in the meanwhile I do not know whether any engine had come onto the turntable or not. I had been down to get a brake shoe. * * * Myself and the machine man I worked under had started over to the dump. When I left the roundhouse, I started out onto the turntable. I was in front. I walked like I always did, and it was dark and I couldn't see. * * * And I just walked off into the pit and the machinist was about 15 feet behind me. It was not light enough there for that machinist to know what I had done. * * * It was so dark I could not see the pit, and could not see the plank." If the turntable had, in fact, been moved from the main line during the 15 minutes intervening between the time plaintiff crossed over it to get the brake shoe and the time he fell in the pit, there is no testimony whatever showing, or tending to show, why it had been so moved or who moved it. In the state of the evidence we think the contention of the plaintiff in error to the effect that the absence of the turntable from the main line track, at the time he fell, independent of the question of light, constituted a separate and distinct ground of negligence which might have been found to be the proximate cause of the plaintiff's injury, cannot be maintained.

[2] With respect to the propositions that the charge assumed that plaintiff was guilty of contributory negligence, and declared, as a matter of law, that plaintiff assumed the risk of injury, it is sufficient to say that such is not a correct interpretation thereof. The charge has no reference to either of these defenses, but is based upon the insufficiency of the evidence to authorize a finding that the defendant was guilty of actionable negligence in failing to have its turntable lined up for the main line track, apart from the question of insufficient light, and could not have misled the jury.

[3] The proposition that the charge singled

out one fact and gave undue prominence thereto is also believed to be without merit, and will be overruled.

[4] Complaint is made of special charge No. 2, given at the defendant's request, which reads as follows: "If you believe from the evidence that defendant had exercised ordinary care to have its premises about its roundhouse and turntable sufficiently lighted at the time plaintiff alleges he was injured, then and in that event plaintiff is not entitled to recover damages, if any, suffered by him by reason of said premises being dark, if they were dark at the time alleged." The objections urged to this charge are not well taken. The charge was not a repetition of charge No. 1, and was not upon the weight of the evidence, in that it gave undue prominence to the issue as to whether or not the defendant's premises where the plaintiff was at work were sufficiently lighted. The charge embodied a correct proposition of law applicable to the pleadings and the evidence, and submitted a defense distinct from the defense submitted in special charge No. 1. It told the jury, in effect, that the defendant had discharged the duty it owed the plaintiff if it exercised ordinary care to have its premises sufficiently lighted, whereas special charge No. 1 informed them that such duty was performed if defendant's premises about the turntable were actually lighted sufficiently to enable plaintiff to see the turntable and turntable pit when approaching them and before he had reached them.

[5] Nor do we think special charges Nos. 4 and 7 given at defendant's request, and made the basis of plaintiff's third assignment of error, are subject to the criticism that they present the same defense, and "calculated to mislead the jury to believe that the court was of the opinion that there was a failure on the part of the appellant (plaintiff in error) to provide himself or avail himself of the torch and light on the occasion in question." We regard the charges as submitting separate and distinct defenses and not at all calculated to mislead the jury to the prejudice of the plaintiff. By charge No. 4 the jury was instructed in effect that if the defendant had for the use of its employés torches and a sufficient supply of oil, etc., and plaintiff failed to provide himself with a torch, and such failure was negligence and the sole cause of his injuries, he could not recover any sum, whereas by charge No. 7 they were told in substance that if the defendant had provided such torches and oil, the plaintiff failed to make use of the same on the occasion of his alleged injuries, and such failure contributed to his injuries, then plaintiff was not entitled to recover the entire damages sustained by him, but that in such event the jury would "apportion the damages between plaintiff and the defendant in proportion to the negligence of each of them."

The fourth assignment asserts that the court erred in giving the defendant's special charges Nos. 5 and 6. The proposition urged is that said charges "gave undue emphasis and prominence to the issue made by the defendant in its defense that plaintiff was guilty of negligence in attempting to cross over this turntable at the time and in the manner and under the circumstances he did, and the same was calculated to and did mislead the jury to believe that the court was of the opinion that plaintiff was so guilty of negligence." There is nothing in the record to indicate that the jury was actually misled by the charges in question, and we do not believe they were of such a character as to warrant this court in saying that they were calculated to mislead the jury to the injury of the plaintiff. If, however, there was any error in giving the two charges in the precise language in which they were written, it is entirely safe to say we believe that plaintiff suffered no substantial injury thereby.

[6] The fifth assignment complains that the court erred in failing to grant plaintiff a new trial on the ground of newly discovered evidence as set forth in his motion therefor. This motion was contested by the defendant, and upon the evidence offered in support of and against it the trial court held against the plaintiff. This action of the court was clearly justified by the facts. It is well settled that, "when a new trial is sought on the ground of newly discovered evidence, the party seeking the new trial must clearly show that the failure to have the testimony presented at the trial was not due to his own want of diligence"; that the newly discovered evidence is probably true, and will probably lead to a different result upon another trial. We are not prepared to say that the plaintiff's motion and evidence offered in support thereof met those requirements. Indeed, we think the preponderance of the evidence is to the effect that the newly discovered evidence alleged by plaintiff cannot be produced on another trial.

[7] Again, the granting of a new trial upon the ground of newly discovered evidence is a matter largely within the discretion of the trial court, and unless it appears that such discretion has been abused, that court's action should not be disturbed by the appellate court.

The evidence was amply sufficient to warrant the verdict of the jury, and, finding no reversible error in the record, the judgment of the court below is affirmed.