CARTER v. MISSOURI, K. & T. RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas. Dallas. Nov. 15, 1913.)

1. TRIAL (§ 229*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

Repeated references in an instruction as to the conditions upon which plaintiff may recover, or what defenses will defeat a recovery, is sometimes erroneous, but is not reversible error, if the repetitions are necessary to apply the rules of law to the various phases of the evidence, or are not calculated to mislead the jury to believe that the issues so referred to are controlling.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

2. TRIAL (§ 229*)—INSTRUCTIONS—WEIGHT OF EVIDENCE — UNDULY EMPHASIZING DEFENSES.

The grouping of the facts of the particular case in an instruction, after generally defining and limiting the defense of assumed risk, and the application of the law thereto for plaintiff and defendant, was not erroneous as being an undue repetition of the defense of assumed risk, since the court could have been required by either party to charge on the particular facts.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

Appeal from District Court, Grayson County; W. J. Mathis, Judge.

Action by Mack Carter against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for defendant, plaintiff appeals. Affirmed.

J. E. Cawthon, of Denison, and Jones & Hassell, of Sherman, for appellant. A. S. Coke, of Dallas, and Head, Smith, Hare, Maxey & Head, of Sherman, for appellee.

RASBURY, J. This case presents a preliminary question involving the constitutionality of the "special district court of Grayson county," created by Acts 33d Leg. c. 182, which tried the case. At a former term of court, and because of the obvious importance of an early determination of the status of the act creating the court, we certified that question to the Supreme Court. That court sustained the constitutionality of the court in all respects. Mack Carter v. Missouri, Kansas & Texas Railway Co., 157 S. W. 1169. We hence come to a consideration of the appeal upon its merits.

Appellant sued appellee to recover damages for personal injuries alleged to have been sustained by him through the negligence of appellee. Appellee, for the purpose of this appeal, met the charge of negligence by the general denial and the plea of contributory negligence and assumed risk. Upon trial by jury there was a verdict for appellee, followed by judgment in accordance therewith, and from which this appeal is taken.

Briefly stated, the evidence shows, in substance, that appellant was a common laborer in the employ of the appellee in its car shops. At the time of the accident appellant was undertaking to lift a piece of ice weighing about 175 pounds out of an ice box into a wheelbarrow. He was instructed to do so by those thereunto authorized by appellee. He was furnished a pair of ordinary and usual ice tongs with which to lift the ice, a particular description of which is deemed unnecessary. The points of the tongs or ice hooks were blunt, and one of them was turned or nearly straightened, with the result that the points of the tongs when applied to the block of ice would not enter same, and when the block of ice was lifted would sometimes slip off. The tongs would also at times slip from the ice, because they were not tightly bradded together, thereby permitting the tongs to shake and not grasp the ice firmly. As appellant was in the act of lifting the block of ice from the ice box, and when he had lifted same nearly to the top thereof, the tongs or hooks, as a result of the condition in which they were, slipped on the ice, which unbalanced appellant, causing him to careen backwards, and "trip" over the handles of the wheelbarrow, throwing him with great force against a gate nearby, seriously injuring him. Appellant, before the accident, notified those in authority of the condition of the tongs or hooks, and they promised to repair same, or replace them with new ones. Appellant believed and relied upon such promise.

The first assignment of error complains of the charge of the court below upon the defense of assumed risk. The charge is as follows: " 'Assumed risk,' as the term is used in this charge, means the risk which is ordinarily incident to the service in which the employé is engaged, and for injury sustained by an employé from a risk ordinarily incident to his service the employer is not liable. By the expression 'risk ordinarily incident to the service' is not meant a risk which arises out of the negligence of the employer; such being expressly excluded. An employé is sometimes held to assume a risk which arises out of the negligence of the employer, as where the same is obvious to him, or would be known to him by the exercise of ordinary care in the discharge of his duties. However, an employé in the railway service is not held to assume the risk of the defect and danger arising out of the negligence of the railway company, though known to him, where such employé had an opportunity before being injured to inform the employer, or a superior intrusted by the employer with

the authority to remedy or cause to be remedied the defect, and does notify, or cause to be notified, the employer, or superior thereof, within a reasonable time of such defect, or where a person of ordinary care would continue in the service with the knowledge of the defect and danger. Railway companies are not insurers of the safety of their employés, but are required by law to use ordinary care to furnish their employés with reasonably safe tools and appliances with which to work in the performance of the duties required of them under their employment, and, when a person enters the service of a railway company, he has a right to assume that it has performed its duty in this respect. However, if the tool or appliance with which an employé has to perform his work becomes defective and dangerous for him to perform his work therewith, and he knows of the defective and dangerous condition thereof, and continues in the service with such knowledge, he assumes the risk incident to performing his work with such tool or appliance in such defective and dangerous condition, unless he notifies or causes to be notified the employer, or superior thereof intrusted by the employer with the authority to remedy or cause to be remedied the defect, if any, within a reasonable time, or unless a person of ordinary care would have continued in the service with the knowledge of the defect and danger, if any."

[1, 2] The criticism directed against the foregoing charge is that it repeatedly refers to the defense of assumed risk, whereby that defense was emphasized and given undue prominence, and is, as a consequence, a charge upon the weight of the evidence. It is, of course, accepted doctrine in this state that repeated reference to the conditions upon which the plaintiff in a given case may recover, or what defense by the defendant will defeat a recovery, is improper and sometimes erroneous. Powell v. Messer, 18 Tex. 406; De Perez v. Everett, 73 Tex. 431, 11 S. W. 389; Traylor v. Townsend, 61 Tex. 144; Hays v. Hays et al., 66 Tex. 606, 1 S. W. 896; Buchanan v. Railway, 48 Tex. Civ. App. 299, 107 S. W. 553; Insurance Co. v. Brannon, 101 S. W. 1020; Railway v. Terhune, 81 S. W. 71; Palfrey v. Railway, 31 Tex. Civ. App. 552, 73 S. W. 411; Moore v. Traction Co., 41 Tex. Civ. App. 583, 95 S. W. 652; Railway v. Dunbar, 49 Tex. Civ. App. 12, 108 S. W. 500; Irvine v. State, 20 Tex. App. 12; Bonner v. State, 29 Tex. App. 223, 15 S. W. 823; Perrin v. State, 45 Tex. Cr. R. 560, 78 S. W. 931. It is also accepted doctrine that such repetitions are not reversible error when the repetitions are necessary in order to apply any given rule of law to the various phases of the case raised by the evidence, or when such repetitions are not given such prominence as is calculated to mislead the jury into believing that the issue so referred to was the controlling one. Railway Co. v. Olmstead, 56 Tex. Civ. App. 596, 120 S. W. 596; Delancey v. Railway Co., 149 S. W. 259; Posener v. Harvey, 125 S. W. 356; Ratto v. Bluestein, 84 Tex. 59, 19 S. W. 338; Railway Co. v. Leak, 64 Tex. 657; Brady v. Insurance Co., 24 Tex. Civ. App. 464, 59 S. W. 915. In the case under discussion the evidence raised nearly every issue which would vary the application of the general rule of assumed risk, and made occasional references to the defense necessary and proper in order to intelligently instruct the jury. The grouping of the facts, after the general portion of the charge defining and limiting the defense of assumed risk, and the application of the law thereto for both the appellant and appellee, cannot be said to be erroneous repetitions, since the court would have been compelled to do so upon proper request by either party. The assignment is overruled.

The second assignment complains of the charge just quoted on the ground that the evidence in the record discloses that appellee knew of the defective condition of the tongs or hooks, and that appellant's right to recover was not dependent upon the giving of notice by appellant of such defect, and that hence the court's charge requiring such notice erroneously restricted appellant's right to recover. The only evidence relied upon by appellant as establishing such knowledge on the part of appellee is the statement of the witness Fehr, who seems to be treated as a vice principal of appellee, that the appellee had but one pair of tongs, and that they had been in use about 2½ years. This admission does not, it seems to us, in any fair sense support the claim that the tongs were defective, and appellee knew as much. The presumption does not arise from their long use that they were in fact defective so as to charge appellee, through its vice principal, of the defective condition. Whether the tongs were defective is a fact to be proven as any other fact. We cannot presume them defective because they had been in actual use for 2½ years. Finally, it may be said it was appellant's duty to request a special charge on the point if, in his judgment, the testimony raised the issue, and the court had failed to submit same by its general charge.

The third assignment, in our opinion, presents no reversible error, and is overruled.

The fourth assignment attacks the constitutionality of the trial court, which has been passed upon by the Supreme Court.

The judgment is affirmed.